53 So.2d 717 (1951)
TROUP et al.
v.
BIRD et al.
Supreme Court of Florida, Special Division B.
July 3, 1951.
*719 E.F.P. Brigham, Miami, for appellants.
A.C. Franks, James T. Gordon and H.H. Eyles and Hudson & Cason, all of Miami, for appellees.
HOBSON, Justice.
This case was tried in the Circuit Court upon the pleadings and a written stipulation of facts. The suit originated as a chancery proceeding brought by the County Commissioners of Dade County and a property owner, Ralph Finn, against the members of the Board of Adjustment of Dade County and E.K. Troup, G.C. Troup, W.J. Troup, Jr. and Troup Bros., Inc., a Florida corporation.
The stipulation of facts recites that the Troups, signing as Troup Brothers, made application to the Dade County Zoning Commission for a "modification" of the zoning of the lands involved in this litigation "from the zoning then existing to a classification for special estates of one acre, and for a permit for the excavation of a lake and the sale of rock resulting from said excavation." The application came on to be heard before the Dade County Zoning Commission and upon consideration thereof the denial of said application was recommended by said Commission to the Board of County Commissioners.
Thereafter the recommendation of the Zoning Commission came before the Board of County Commissioners for action at which time the latter Board resolved that the application should be denied. An appeal to the Board of Adjustment was taken by Troup Brothers. A motion by the County to dismiss the appeal for want of jurisdiction was denied, and a resolution was passed by the Board of Adjustment granting a permit to Troup Brothers as requested, subject to the furnishing of a performance bond in the amount of $50,000.00 containing the following terms and conditions:
"Now, therefore, if the said Troup Bros., Inc. shall well and truly subdivide, excavate, develop and improve said Blue Lake Estates in accordance with said blueprint plat thereof, within a period of five years, Acts of God excepted, from the date of this bond excavating, developing, improving and completing one-fifth of said Blue Lake Estates at a time before commencing excavation, development and improvement of another one-fifth of said Blue Lake Estates, reasonably landscaping the same substantially in accordance with the artist's conception thereof on file with the zoning department, and except in case of war, working only from the hours of 7:00 A.M. to 6:00 P.M., Sundays excluded, and using such explosives in said work in small charges as approved by the zoning director; and completing the development of the first one-fifth of said Blue Lake Estates within approximately 18 months and the remaining fifths of said Blue Lake Estates in approximately equal intervals of time within said five year period, then this obligation to be void; otherwise, to remain in full force and effect."
The appellees (plaintiffs below) alleged in their bill that under Chapter 17833, Laws of Florida, 1937, as amended, the ultimate authority to zone lands and regulate their use rests with the Board of County Commissioners rather than with the Board of Adjustment. The prayer of the bill was for a judicial ascertainment that the Board of Adjustment had no jurisdiction on the appeal and that its action was null and void.
*720 Troup Brothers filed an answer and counterclaim, challenging the plaintiffs' (appellees' here) legal conclusion in the interpretation of Chapter 17833, supra. The trial court entered a final decree declaring void for want of jurisdiction the action of the Board of Adjustment and cancelling its resolution. Appellants thereafter instituted this appeal.
The learned Chancellor concluded that the action of the Board of Adjustment in granting the permit to Troup Bros. "was, in legal effect, the rezoning of said land by said Adjustment Board and is wholly void for want of jurisdiction in said Adjustment Board so to do." Should we agree with the foregoing conclusion our judgment would necessarily be one affirming the final decree because Chapter 17833, supra, does not empower the Board of Adjustment to zone or rezone land located within Dade County but outside the boundaries of its municipalities. Said law does, however, authorize the Board of Adjustment to grant variances under certain circumstances and conditions. Subsection 3 of Section 7 of Chapter 17833, supra, expressly and in clear, unambiguous language, confers upon the Board of Adjustment the power "To authorize upon appeal in specific cases such variance from the terms of the order or resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the order or resolution will result in unnecessary hardship, and so that the spirit of the order or resolution shall be observed and substantial justice done."
In the first paragraph of Section 7, supra, it is provided that, "it shall be the duty of said Board of Adjustment, in appropriate cases and subject to appropriate conditions and safeguards, to make special exceptions to the terms of any order or resolution in harmony with the general purpose and intent, and in accordance with general or specific rules therein contained." It, therefore, appears that it is immaterial by what method this matter was presented to the Board of Adjustment since the Board was specifically empowered to make special exceptions to the terms of any order or resolution. (Italics supplied.) Apparently the act under consideration does not, unless it can be said to do so by necessary implication, give to the Board of County Commissioners authority to grant a variance.
Obviously the controlling question on this appeal is whether the action of the Board of Adjustment was, in legal effect, rezoning or amounted only to the granting of a variance. So it becomes necessary for us to determine (1) whether the Board of Adjustment granted a variance from the zoning regulations or attempted to rezone, and (2) if it be decided that the Board of Adjustment merely granted a variance, whether the variance was justified upon the ground of "unnecessary hardship".
Admittedly, it is difficult to draw a definite, distinct line of demarcation between rezoning and the granting of a variance from, or an exception to, zoning rules and regulations. Indeed, broadly speaking, to grant a variance or exception is to rezone. However, in a legal sense, rezoning ordinarily contemplates a change in existing zoning rules and regulations within a district, subdivision or other comparatively large area in a given governmental unit, which theretofore has been uniformly zoned in its entirety, while the granting of a variance or exception usually contemplates only a special exception to existing zoning rules and regulations in a specific instance permitting a non-conforming use in order to alleviate undue burden or "unnecessary hardship" upon the property owner which the zoning rules and regulations otherwise impose.
It is the contention of appellants that since this cause was tried upon a stipulation of facts which referred to the action of the Board of Adjustment as being a grant of a variance, such stipulation is conclusive, irrefutable and binding upon the parties litigant and upon the courts and appellants further insist that the stipulation of facts affirmatively asserts that a literal enforcement of the zoning ordinance will result in "unnecessary hardship" *721 to Troup Bros. and therefore the question of "unnecessary hardship" is likewise concluded.
In the recent case of Columbia Bank v. Okeelanta Sugar Cooperative, Fla., 52 So.2d 670, we did hold that when a case is tried upon stipulated facts the stipulation is binding not only upon the parties but also upon the trial and appellate courts and further that no other or different facts will be presumed to exist. This rule is well established and we see no occasion to recede from it; in fact, we reaffirm it. However, the stipulation in each and every instance must be carefully examined to determine whether the language used actually discloses a clear, positive and definite stipulated fact. An ambiguous, vague statement will not, and a word used loosely might not, meet the test. Consequently, it becomes necessary to study those portions of the stipulation of facts upon which appellants place the cornerstone of their contention.
The pertinent provisions of the stipulation follow: (1) "On January 24, 1949, the Board of Adjustment * * * and did on said date grant the variance applied for by defendants * * *." (Italics supplied.)
(2) "At all times since said original application, defendants, Troup Brothers, have sought this same permit both before the Dade County Zoning Commission and the Board of County Commissioners for Dade County, and that the delay in granting the permit applied for has worked and is working a great hardship upon defendants, Troup Brothers." (Italics supplied.)
We cannot agree with the applicants' contention that the use of the word "variance" amounts to a stipulation of fact that the Board of Adjustment granted a variance or exception. In the first place, the word "variance" may have been loosely used but if it were designedly used it did not constitute a stipulation of fact. At most, it was a conclusion of law and as such is not binding upon the courts. That which the Board of Adjustment did was subject to stipulation as a matter of fact but the conclusion as to whether its action constituted the granting of a variance or was an attempt to rezone was and is a matter of law. Moreover, this question created a vital, and we believe the controlling, issue in this case. There would have been little or no occasion for the litigation had there been no controversy on the subject of what the Board of Adjustment's action constituted.
We likewise are unable to follow appellants' suggestion that the stipulation of facts foreclosed the question of "unnecessary hardship". It is clear that the stipulation was to the effect that the "delay" had worked and was continuing to work a "great hardship"  not that the enforcement of zoning rules and regulations created an "unnecessary hardship."
So we again face the questions (1) whether the Board of Adjustment merely granted a variance or attempted to rezone; (2) whether the said Board's action was justified upon the basis of "unnecessary hardship." In considering the first of these questions we must be ever mindful of the fact that "the power to vary the application of zoning regulations, or to permit special exceptions thereto, is commonly expressly limited to such variations or exceptions as are consistent or in harmony with, or not subversive or in derogation of, the spirit, intent, purpose or general plan of such regulations." 58 Am.Jur. Sec. 200, P. 1049.
The property involved herein is under one ownership and is an eighty acre suburban tract of wild and unimproved land surrounded by lands similar in character. Close by there are some open, unsightly rock pits, which fact probably created a degree of prejudice against appellants' original application. The size of this surburban tract of land is of no particular significance, although it might and probably would be, were it situated within the corporate limits of a town or city and if it constituted a large or major portion or the whole of any one uniformly zoned area. It is a specific piece of land and the only exception to existing zoning rules and regulations which was sought and granted was the permit to excavate a lake. The granting *722 of the permit could hardly be classified as rezoning. It amounted to the grant of a special exception to existing zoning rules and regulations with reference to a specific piece, parcel or lot of land. It was a grant of a variance or exception. Since appellees have failed or neglected to point out wherein the granting of the variance or exception was inconsistent or not in harmony with "the spirit, intent, purpose or general plan" of the zoning regulations, we must presume that the power and discretion of the Board of Adjustment was properly exercised. Yokley, Zoning Law and Practice (1948) pp. 323-324; Hannigan v. Murdock, Sup., 47 N.Y.S.2d 855. Moreover, we have examined the exhibits which show the contemplated improvements and the aerial photographs of the area in which appellants' property is located and have concluded that the proposed improvements are consistent and in harmony with "the spirit, intent, purpose or general plan" of the zoning regulations as defined by the legislature in Section 3 of Chapter 17833, supra.
With reference to the subject of "unnecessary hardship", it is sufficient to state that the Board of Adjustment necessarily found that the grant of the variance was justified because of the existence of "unnecessary hardship" or it would not have granted the variance and the Board's determination comes to the courts with a presumption of correctness. This presumption has not been overcome and the Court will not substitute its judgment for that of the Board of Adjustment. However, we have not been content to rest our judgment exclusively upon this well established principle. A careful analysis of the entire transcript convinces us that existing zoning rules and regulations work an "unnecessary hardship" upon appellants.
The record, including the exhibits, shows that appellants intend to create a lake with a gradual beach-like slope which will be safe, beautiful and will not constitute an attractive nuisance. Other adjacent or nearby property owners have dug rock from their lands and have left ugly bare pits as ever-lasting eyesores. Is it not the granting of relief from "unnecessary hardship" to permit appellants to take the rock from their wild, unimproved suburban tract when they are willing, and by their required performance bond compelled, to make an attractive lake with beautiful one-acre home sites surrounding it? This query was answered properly by the Adjustment Board and it required appropriate safeguards in the conditions of the performance bond. As was stated by counsel for appellants in his remarks before the Board of Adjustment, "This will be an incentive to other people to beautify their property in that area."
We have decided that the action of the Board of Adjustment amounted to the grant of a variance, that said Board had ample authority to grant a variance and the Board's determination, that "unnecessary hardship" justified its action, was proper. It follows that our judgment must be one of reversal.
Reversed.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.