TERRELL, Justice.
Appellant as plaintiff below filed complaint in the Circuit Court of Dade County, charging that his property, Lots 48, 49, SO and 51, Amended Plat of Coral Way Center, according to the plat thereof, recorded in Plat Book 26 at page 76, Public Records of Dade County, is zoned by .defendants for single family use. only, and that said zoning is arbitrary, unreasonable,' illegal, unconstitutional and unlawfully deprives him of a reasonable use of his land. He further contends that said property is being taxed on a business property valuation. The complaint prayed that the zoning be declared void, arbitrary and unreasonable and that his lands be decreed to be business.,property subject to business use only.
At final hearing the chancellor found that a zoning classification which would permit the erection of. duplex houses or multi-fam-ily residential units .on said lands would be a reasonable restriction upon the use of the property. He further found the existing zoning restrictions upon plaintiff’s lands to be “unreasonable and arbitrary”' and set them aside with the admonition that “said property should be zoned in such manner as to permit its use by the erection of duplex and .multi-family buildings.” We are confronted with an appeal from this decree.
. The point for determination is whether or not the zoning of appellant’s property was arbitrary, unreasonable, illegal, unconstitutional, and unlawfully deprives him of the reasonable use of his property.
*874 This court is committed to the doctrine that courts should not substitute their judgment for that of the city zoning authority in the matter of promulgating zoning regulations unless some constitutional right of the landowner is invaded. City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493. It is therefore clear that the chancellor had no authority to rezone appellant’s lands. His final decree is subject to more than one interpretation but read in sum we do not think he undertook to rezone the property. He held the zoning “unreasonable and arbitrary” and pronounced that “said property should be zoned in such a manner” as to permit its use for duplex and multi-family buildings. We think this left the way open for the appellee to rezone the property and place it in a proper classification.
It is accordingly our view that the decree appealed from should be and is hereby affirmed.
Affirmed.
THOMAS, HOBSON and ROBERTS, JJ., concur.
DREW, C. J., and THORNAL and SE-BRING, JJ., concur in part and dissent in part.