110 So.2d 446 (1959)
CITY OF TAMPA, a Municipal Corporation in the State of Florida, Appellant,
v.
CONSOLIDATED BOX COMPANY, Inc., a corporation, Appellee.
No. 752.
District Court of Appeal of Florida. Second District.
April 3, 1959.
Ralph A. Marsicano, Neil C. McMullen, William R. McCown, Tampa, for appellant, City of Tampa.
Dixon, Flynn & Trigg, Roger D. Flynn, Tampa, for appellants, A.M. Edwards et al., intervenors.
Charles F. Blake, Oliver C. Maxwell, Tampa, for appellee.
ALLEN, Acting Chief Judge.
This is an appeal from a final decree in a suit for injunction and other relief. Consolidated Box Company filed a complaint against the City of Tampa to have declared void a certain zoning ordinance as it affected its property. The final decree declared the ordinance invalid as to the plaintiff and held the plaintiff was entitled to have the ordinance changed to a classification which was less than the classification requested by the plaintiff. A cross-assignment was filed by the plaintiff below, appellee here, to that part of the court's order zoning the property in a classification more restricted than the M-1 classification requested by the plaintiff.
The zoning classification attacked in the bill of complaint was C-1 which is defined in the ordinance as "neighborhood commercial district." The plaintiff sought to enjoin the city from restricting the use of its property to a more restrictive classification *447 than M-1 or "light industrial district" classification. The lower court classified the property as C-2, "general commercial district."
In the final decree the chancellor stated:
"3. It is the opinion of the Court that the zoning of the property in question as C-1 neighborhood commercial district is clearly unreasonable and arbitrary and not fairly debatable having no substantial relation to the public health, safety, morals or general welfare of the property in the area on the one hand, and has the effect on the other of substantially depriving the plaintiff of the beneficial use of such property to the extent that said property has practically no market value for C-1 purposes. That, however, to reclassify said property as requested as a box factory or M-1 manufacturing uses would unreasonably and adversely affect the traffic and safety in the area, the market value of surrounding residential properties and the asthetic consideration of the health, morals and general welfare of the area. That to classify said property as C-2 general commercial district would give a uniform classification of the property in the area tying this property into property zoned C-2 to the north. That such C-2 classification would permit the beneficial use of such property to the extent its market value would not be materially jeopardized and would be comparable with the uses and values of the other C-2 property contiguous thereto."
We shall affirm the lower court in holding that the C-1 "neighborhood commercial district" classification is unreasonable and arbitrary as to the plaintiff's property, but shall reverse the lower court in attempting to rezone the property to a C-2 "general commercial district," as rezoning is not a duty of the court but of the zoning authorities.
We shall not detail the evidence which was before the lower court to support the court's decree.
The Supreme Court of Florida, in the case of City of Miami Beach v. Wiesen, 1956, 86 So.2d 442, commented upon the impropriety of the court rezoning property. In this case the property involved consisted of three lots facing Collins Avenue at the corner of Collins Avenue and 75th Street in the City of Miami Beach. The property was zoned "RD" (single family residence). The property across the street was classified as "BA" (business). The land adjacent to and immediately west of the subject property was classified as "RE" (hotels and apartments). The land immediately across 76th Street to the north and for many blocks was zoned "RD" (single family residences). The land across Collins Avenue immediately to the east was zoned "RD" (single family residences).
The complaint in the Wiesen case, supra, sought reclassification as business property instead of residential property. The lower court found for the plaintiff and held the single family residence zoning unreasonable; enjoined the city from enforcing the present zoning regulation but held that the court could not substitute its judgment for that of the zoning authorities and therefore the city was allowed thirty days to rezone the land in question. The court retained jurisdiction for further orders. Certiorari was taken to the Supreme Court but was denied without opinion. (See 73 So.2d 713.)
After the denial of certiorari, the city council rezoned the subject property from "RD" (single family residence) to "RE" (hotels and apartments). A supplemental petition was filed to the circuit court alleging that the new classification was still unreasonable and prayed for classification of their property as "BA" (business), also to enjoin the city from enforcing the present classification. The circuit court entered a final decree enjoining the city *448 from enforcing the "RE" classification and directing the council to rezone the south two lots of the subject property for business purposes leaving the north lot in "RE" classification.
The city appealed to the Supreme Court which court, in its opinion, said [86 So.2d 444]:
"It has long been a firmly established principle of zoning that the courts do not have the right nor the authority to substitute their judgment for that of the municipal legislative body which possesses the power and is charged with the duty of enacting zoning legislation where the question is fairly debatable."
The Court stated that the question involved in the Wiesen case been proved to be highly debatable in that the council has reconsidered the specific property involved and their action should be upheld. The Court noted that imaginary lines dividing zones must of necessity be more or less arbitrary for there cannot be much difference between property on one side of the line and that on the other. In arriving at where these lines should be drawn, the zoning body must consider the existing conditions and act in the best interests of the property owners as a whole.
Chief Justice Drew, in the Wiesen case, supra, reversed the lower court, stating:
"This situation illustrates more than any other the wisdom of the rule that courts should not substitute their judgment for that of the zoning authorities in matters of this kind."
In City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473, citing City of Miami Beach v. Wiesen, supra, the Court again stated the principle that court should not substitute their judgment for that of the zoning authorities. However, this case was decided on the basis that the zoning ordinance had been amended after the decree so as to permit the use of lands in controversy in the same manner as provided in the decree of the lower court. Therefore, although the lower court erroneously in effect rezoned the property, the amendment of the zoning ordinance permitting the use requested rendered the error of the lower court harmless.
In the case of Quattrocchi v. MacVicar, Fla. 1955, 82 So.2d 873, 874, the majority opinion affirmed the lower court on the basis that the lower court's decree in favor of the property owner was subject to two interpretations. The Court, in effect, determined that the decree did not rezone the property but left the way open for the city to rezone the property in a proper classification. However, the Court did state that courts should not substitute their judgment for that of the city zoning authorities in the matter of promulgating zoning regulations, unless some constitutional right of the landowner was involved. In this case Justice Thornal, in an opinion concurring in part and dissenting in part, stated that since the lower court said what the classification should be, although not actually reclassifying the property, "it appears * * * by this provision the [lower] Court undertakes to substitute its judgment for that of the municipal zoning authorities contrary to the rule announced in City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493."
We are of the opinion that the lower court should amend its decree to the extent of requiring the City of Tampa to rezone the plaintiff's property to a classification less restrictive than the C-1 classification held invalid by the lower court.
Affirmed in part and reversed in part.
SHANNON, J., and LUCKIE, CHARLES A., Associate Judge, concur.