121 So.2d 810 (1960)
Dorothy K. SCHOENITH et al., Appellants,
v.
CITY OF SOUTH MIAMI, a Municipality Created and Existing under the Laws of the State of Florida, Appellee.
No. 59-213.
District Court of Appeal of Florida. Third District.
July 21, 1960.
Richard K. Fink, Miami, for appellants.
Hughlan Long, George B. Hardie, Jr., So. Miami, for appellee.
HORTON, Chief Judge.
Plaintiffs below appeal from a final decree in which the chancellor decreed that certain zoning ordinances adopted by the appellee city were void and had no effect insofar as they limited the use of the appellants' property to single family purposes. The decree further declared that the appellants were entitled to use their property in such a manner as would permit the construction of either duplexes or single family residences. By their complaint for injunctive and other equitable relief, the appellants prayed that their property be rezoned from single family to the highest type commercial.
That portion of the decree determining the existing ordinances to be void has not been questioned by the appellants, nor has the appellee filed any cross assignments of error directed to this point. Accordingly, that portion of the decree is affirmed.
The appellants contend that the chancellor erred in entering the decree rezoning their property from single family residences to duplex use rather than rezoning it for business use as prayed for in their complaint. By this contention, the appellants claim that there was not sufficient evidence from which the chancellor could rezone their property to the classification decreed. It will not be necessary for us to determine this question since we conclude that rezoning of property is not a proper function of a court, but is the function of appropriate zoning authorities. In City of Punta Gorda v. Morningstar, Fla.App. 1959, 110 So.2d 449, 454, the Second District Court of Appeal said:
"If the court, on a final hearing, should determine that the zoning regulation as to the particular property of the plaintiffs was too restrictive, then the court should direct the zoning authorities *811 to rezone the particular property for a use less restrictive than the uses permitted under the present zoning acts.
"The Supreme Court of Florida in several opinions has stated that it is not the function of a court to zone property, that having determined that a particular piece of property is improperly zoned, the matter should be resubmitted to the zoning authorities to determine the proper classification of the property for zoning purposes."
See City of Tampa v. Consolidated Box Company, Fla.App. 1959, 110 So.2d 446.
Accordingly, the cause is remanded to the court below with directions to modify the decree to require the City of South Miami to rezone the appellants' property to a classification less restrictive than that classification which was held invalid.
Affirmed in part and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.