143 So.2d 660 (1962)
VILLAGE OF PEMBROKE PINES, a Municipal Corporation of Florida, Appellant,
v.
Harry ZITREEN, Aubrey J. Elias, David Stark and Linda F. Johnson, a Widow, Appellees.
No. 3082.
District Court of Appeal of Florida. Second District.
August 3, 1962.
Emanuel Sponder, West Hollywood, for appellant.
Ellis, Spencer & Butler, Hollywood, for appellees.
WHITE, Judge.
The Village of Pembroke Pines, a municipal corporation, appeals a final decree enjoining it from enforcing single family residence use of plaintiffs' land. The decree also affirmatively directed the Village to zone the plaintiffs' land according to its "highest and best use," i.e., for commercial or business use as sought by the plaintiffs. The suit was an original proceeding in the circuit court to obtain not only prohibitive injunction but also, under the prayer for general relief, a reversal of the Village Council's denial of plaintiffs' rezoning application. The complaint was filed more than thirty days after the Village Council's adverse decision.
Although the complaint contained averments seriously challenging the general *661 validity of the zoning ordinance, the plaintiffs actually concentered their suit on the contention that the highest and best use of their land would be commercial or business and that the existing R-1-C zoning would deprive them of the beneficial use of their land and reduce its value. Thus the crux of the complaint was that the village zoning was confiscatory in its effect upon plaintiffs' land and to that extent was invalid. This focus of attack on the ordinance is further reflected in plaintiffs' prayer for relief and in the final decree which reads in pertinent part as follows:
"3. That Defendant, VILLAGE OF PEMBROKE PINES, be, and said Defendant hereby is, ordered and directed to zone said property to a use to which it is reasonably adapted, and to its highest beneficial use consistent with the public health, public morals, safety and general welfare, which is commercial and business use, consistent with the commercial or business use of other properties lying South of and adjacent to, and adjoining Pembroke Road, lying east of the property of said Plaintiffs, to U.S. Highway 441; and this Decree shall in no wise preclude the defendant municipality from rezoning the said property in a proper use district consistent with other business properties lying South of and adjacent to, and adjoining Pembroke Road. It appears to the Court that defendant municipality has attempted to continue the use zoning of Broward County, which existed prior to the incorporation of defendant municipality, and it appears from the proof submitted herein that the highest and best use of Plaintiffs' property consistent with the public health, public morals, safety and general welfare, and to which it is reasonably adapted, is commercial and business use. * * *
"4. The Court considers it unnecessary to rule upon the validity or invalidity of Defendant's Ordinance No. 11, except herein as said Ordinance attempts to continue the single family use zoning of Plaintiffs' property and to limit such use to single family residence use."
The chancellor thus declared the ordinance invalid only insofar as it attempted to limit the use of plaintiffs' land. The decree, however, then proceeded in effect to direct the Village to zone the subject land for commercial or business use.
The defendant contends on appeal that the chancellor erred (1) in refusing to dismiss the complaint as not having been filed seasonably in accordance with the controlling provision of Fla. Stat. § 176.16 F.S.A.[1], (2) in holding for the plaintiffs without applying the "fairly debatable" rule, and (3) in directing the defendant to zone plaintiffs' land for commercial or business use. These will be resolved in the course of the following discussion.
The case reveals procedural complications. The plaintiffs' "suggestion" of general invalidity of the defendant's zoning plan apparently lay in defendant's failure to observe statutory conditions precedent to the enactment of the zoning ordinance. Evidently the plaintiffs abandoned this ground of attack. In any event the chancellor deemed a determination of its merits unnecessary.
In Wood v. Twin Lakes Mobile Homes Village, Inc., Fla.App. 1960, 123 So.2d 738, *662 Chief Judge Allen, speaking for this court, said:
"* * * It has been held in Florida * * * that where there is a general attack on the validity of an ordinance, in its entirety, it is not necessary to pursue the administrative review or appeal prior to seeking judicial relief. * * * But where * * * the ordinance is alleged to be unconstitutional only as applied to particular property before a party can make such an attack, he must apply to the zoning authorities for an exception or variance under the act." (Emphasis added.)
This brings us to the essence of the first assignment of error: that inasmuch as the plaintiffs sought special relief and the chancellor granted it without ruling on the general validity of the zoning ordinance, the complaint was subject to the thirty days limitation of § 176.16, F.S.A., supra; that the plaintiffs, in other words, should have invoked judicial review within thirty days after the adverse decision of the Village Council according to the mandatory language of the statute. This contention is without merit. Fla. Stat. § 176.16, F.S.A. applies to appeals from Municipal Boards of Adjustment within an established zoning procedure. See e.g. Carlson v. Town of West Miami, Fla.App. 1960, 118 So.2d 835. The defendant Village has no special charter and no special zoning act. Furthermore the record discloses no comprehensive plan for establishing a valid zoning as specified by Fla. Stat. § 176.04 et seq., F.S.A. In any event Chapter 176, F.S.A. does not control the instant situation.
As stated previously, the plaintiffs petitioned the Village Council for rezoning. After denial of this petition, they filed an original proceeding in circuit court attacking the validity of the ordinance both generally and as applied to them. It is also significant that the application was for rezoning as distinguished from a variance or exception. Fla. Stat. § 176.16, F.S.A. does not apply to rezoning controversies since rezoning, being a legislative function, is not a proper subject for a Municipal Board of Adjustment. See Mayflower Property, Inc. v. City of Fort Lauderdale, Fla.App. 1962, 137 So.2d 849.
Having determined that the chancellor had jurisdiction we turn to the remaining points on appeal. We find nothing in the record to justify overturning the chancellor's conclusion that the Village zoning classification of plaintiffs' land was arbitrary and confiscatory. It appears that the chancellor, in effect, applied the "reasonably debatable" rule and our own conclusion on review is to affirm that portion of the decree invalidating the purported zoning ordinance insofar as it pertains to plaintiffs' land.
The third assignment of error questions the propriety of the chancellor's direction to rezone plaintiffs' property. The decree, as noted, first enjoined the defendant from enforcing single family residence use of plaintiffs' land and then affirmatively ordered the Village to zone such property to commercial or business use. Although the court in a proper proceeding may declare a zoning ordinance arbitrary and invalid, it has no power to rezone the land, that being the function of the zoning authorities. See Wood v. Twin Lakes Mobile Homes Village, Inc., Fla.App. 1960, 123 So.2d 738; Schoenith v. City of South Miami, Fla.App. 1960, 121 So.2d 810; City of Punta Gorda v. Morningstar, Fla.App. 1959, 110 So.2d 449; Tampa v. Consolidated Box Co., Fla.App. 1959, 110 So.2d 446; Quattrocchi v. MacVicar, Fla. 1955, 82 So.2d 873.
In Wood v. Twin Lakes Mobile Homes Village, Inc., supra, this court said further:
"We deem it appropriate to note in conclusion that the lower court, after finding the subject ordinance invalid, *663 decreed in regard to the land in question:
"`* * * The Board of County Commissioners of Hillsborough County may rezone the same if desired, but not as to prevent the use of said property as a trailer court and/or mobile home village.'
"The Supreme Court of Florida in several opinions has stated that it is not the function of a court to zone property and, that having determined that a particular piece of property is improperly zoned, the matter should be re-submitted to the zoning authorities to determine the proper classification of the property for zoning purposes. See City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493; Quattrocchi v. MacVicar, Fla. 1955, 82 So.2d 873; and City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442. This court has likewise held that rezoning is not a duty of the court but the duty of the Zoning authorities. City of Tampa v. Consolidated Box Co., Fla.App. 1959, 110 So.2d 446; City of Punta Gorda v. Morningstar, Fla.App. 1959, 110 So.2d 449. Inasmuch as this cause must be reversed, further discussion of this issue is not warranted at this time." (Emphasis added.)
It has been suggested that the decree does not affirmatively zone the land since it merely orders the Village Council to zone it to a use to which it is reasonably adapted, to-wit, commercial or business use. The point is plausible since there may well be several categories in which commercial or business property may be zoned. However, the facts do not warrant sustaining the mandatory portion of the decree.
The record reveals that the Village of Pembroke Pines was not required by law to have any zoning whatsoever within its borders; but if it does zone it must be within the procedure provided by Chapter 176, F.S.A. since it has no charter or special zoning act. The record strongly suggests that the purported zoning ordinance was not enacted by the method prescribed by the general law aforesaid. To sanction that portion of the decree which directed the Village to rezone the plaintiffs' land would, we think, wrongfully give the decree the effect of a peremptory writ of mandamus when the Village was under no clear legal duty to zone in the first place. However, if the Village should determine to zone or rezone, the chancellor's instant conclusion would necessarily require that the plaintiffs' land be zoned less restrictively than that here attempted.
The findings, conclusions and decree of the chancellor are affirmed except as to that portion of the decree mandatorily directing the Village to rezone the plaintiffs' land, which is reversed and the cause is remanded for appropriate revision of the decree and for such other proceedings as the parties may be advised not inconsistent with this opinion.
It is so ordered.
SHANNON, C.J., and SMITH, J., concur.
NOTES
[1] § 176.16  `Petition may be presented to a court of record within thirty days after filing of decision of board setting forth illegality. Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board or bureau of the governing body of said municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board." (Emphasis added.)