166 So.2d 191 (1964)
HILLSBOROUGH COUNTY, a Political Subdivision of the State of Florida, et al., Appellants,
v.
TWIN LAKES MOBILE HOME VILLAGE, INC., Appellee.
No. 4535.
District Court of Appeal of Florida. Second District.
May 15, 1964.
Rehearing Denied June 1, 1964.
*192 Robert S. Edwards, Plant City, and T. Paine Kelly, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Forrest O. Hobbs, Tampa, for appellee.
SMITH, Chief Judge.
In 1958 the appellee purchased a parcel of property in Hillsborough County and began clearing the land to construct a mobile home park. At that time there were no zoning regulations applicable to the land; but the County subsequently enacted an amendment to its zoning regulations whereby the appellee's lands were zoned R-2  for residential use. In 1959 the appellee, as plaintiff, instituted its suit in Chancery which resulted in a final decree in favor of the appellee. By the terms of the final decree, affirmed by this Court,[1] the County's zoning of the property as aforesaid was held to be unjust, unreasonable and arbitrary  and of no effect as to the appellee's property; and the County was granted a period of sixty days in which to re-zone the appellee's property if it so desired. Within the prescribed time, the County re-zoned the property from R-2 (residential) to A-R (agricultural-residential), a less restrictive classification than the R-2 zone but one which still prohibited the use of the property as a mobile home park. The plaintiff then filed a "motion for summary post-decretal order", seeking to enforce the final decree previously entered. After due notice, the cause came on for hearing on said motion. The County, along with certain *193 intervenors in the suit,[2] objected to the procedure employed by the plaintiff on the ground that such a motion was not the proper procedure to obtain the relief sought. The lower court entered an order overruling the defendants' objections and granting ten days for an answer by the defendants. Thereupon, the County and the intervenors brought this interlocutory appeal. We affirm.
In objecting to the procedure followed by the plaintiff-appellee, the defendants contended that in order for plaintiff to test the validity of the zoning regulation adopted by the County subsequent to the rendition of the final decree, it would be necessary to first institute new proceedings through administrative channels and then, after exhausting the administrative remedies, bring a new suit in equity. The lower court was correct in rejecting this contention. The record here shows that this plaintiff has endeavored to make use of its property as a trailer park for a period of five years. During this period of time, it objected to the County's initial zoning of the property. The zoning director promised remedial action, but none was effected. The plaintiff then applied to the Board of County Commissioners for relief, which application was denied. Finally, the plaintiff appealed to the Board of Adjustment. The Board, after hearing the equitable and legal considerations of the cause, refused to take jurisdiction on the grounds, inter alia, that it did not have any power to zone or permit uses in any district contrary to the general character of use permitted by the zone classification of such district. After all these unsuccessful efforts at the administrative level, the plaintiff brought suit in equity. After hearing all the parties, the Chancellor entered final decree in favor of the plaintiff, finding that the zoning was entirely too restrictive, arbitrary and unreasonable, was without regard to the conditions existing, and had no relation to the public health, safety, morals or general welfare of the area involved; and that the use of the property as a mobile home park with modern sanitary and sewage disposal facilities would not adversely affect the public health, safety, morals and general welfare of the area. In the face of this final decree, the Board of County Commissioners re-zoned the property, as permitted by the Chancellor's decree, but in such re-zoning adhered to its position taken in 1959 that the property could not be used as a mobile home park. The use of the property for that purpose has been the issue between the parties all these years, and we are of the view that the final decree resolved that issue. If this plaintiff were required to return to the point at which it started in 1958 and repeat its step-by-step efforts to obtain relief, we would in effect be saying that after the course has been run a second time the County could adopt a third zoning resolution, again prohibiting the plaintiff from using its property as a mobile home park. The cause could continue upon this circuitous course indefinitely. To adopt the appellants' theory would obviously produce endless litigation  thwarting the court in the enforcement of its decree and denying to the plaintiff its right to use its property for a purpose previously declared by the court to be reasonable and proper.
We recognize the numerous decisions holding that the zoning or re-zoning of property is the function of the appropriate zoning authorities and not the courts.[3] Those decisions, however, should not be used to frustrate a party armed with a final *194 decree adjudicating his rights. To better understand the reluctance on the part of a court to re-zone, and the theory behind the principle, it must be borne in mind that zoning regulations, such as the ones disclosed by the record here, are concerned with innumerable, detailed items normally involving definitions, general provisions, exceptions, special requirements, districting, administration, and provisions for a Board of Adjustment. In each of the various districts, numerous uses are permitted and innumerable uses are prohibited. Thus, it may be seen that where, as here, a court has determined that a denial to a party of a specific use of its property is unreasonable and arbitrary and that the zoning is therefore void as to the property of that party, and the court directs that the zoning authorities may re-zone said property within a specified time, then such re-zoning is subject to the usual judgment and discretion of the zoning authorities in adopting the many details of zoning regulations; but the party has an adjudicated right to the use of its property for the purposes found by the court to be reasonable and proper. When the County failed to recognize this, by adopting zoning regulations designed to perpetuate its denial of the plaintiff's reasonable use of its property, then the court was authorized to proceed upon motion of the plaintiff for supplemental relief; and after notice and opportunity to answer and be heard is afforded to the defendants, the court could enter an order enforcing its final decree either by (1) requiring that the Board of County Commissioners rezone the plaintiff's property in such a manner as will permit its use as a mobile home park, or (2) in the absence of such re-zoning, by directing the Board to issue the necessary permits authorizing construction for such use. This procedure should not be interpreted as effecting the substitution of judicial judgment and discretion for that of the zoning authority. See Quattrocchi v. MacVicar, Fla. 1955, 82 So.2d 873. The procedure here approved does not limit the power of a court to entertain an independent action to relieve a party from a decree, nor does it limit the effect of Rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A.
The courts are open for the prompt administration of justice. When a matter is finally determined, the court should not allow or encourage endless litigation and procrastination. The decree is affirmed.
Affirmed.
SHANNON and WHITE, JJ., concur.
NOTES
[1] Hillsborough County v. Twin Lakes Mobile Homes Vil., Fla.App. 1963, 153 So.2d 64. See also Wood v. Twin Lakes Mobile Homes Village, Inc., Fla.App. 1960, 123 So.2d 738.
[2] The intervenors are owners and users of property adjoining that of the plaintiff-appellee.
[3] E.g., Sarasota County v. Walker, Fla. App. 1962, 144 So.2d 345; City of Tampa v. Consolidated Box Company, Fla.App. 1959, 110 So.2d 446; City of Punta Gorda v. Morningstar, Fla.App. 1959, 110 So.2d 449; Schoenith v. City of South Miami, Fla.App. 1960, 121 So.2d 810; J.H.S. Homes, Inc. v. County of Broward, Fla. App. 1962, 140 So.2d 621; Village of Pembroke Pines v. Zitreen, Fla.App. 1962, 143 So.2d 660.