PER CURIAM.
This is an appeal by the defendant below from an adverse judgment directing the defendant city to rezone certain property, liberalizing the zoning thereon to a designated classification.
The appellee Fascell estate owned 2.3 acres of unimproved property fronting on Red Road in the City of South Miami, zoned for single family residential use.
The appellee Martin Brothers, Inc., entered into an agreement with the owner to purchase the property on condition it was rezoned to a classification of multifamily (apartment) use acceptable to the prospective purchaser.
When efforts to have the property so rezoned were unsuccessful at the administrative level, the conditional purchaser and the owner sought and obtained a judgment of the circuit court directing the City of South Miami to rezone the property to the city’s RU-S classification “to allow the garden type apartment use of the subject property as requested by the plaintiffs in the original application filed with the defendant city.”
During the pendency of the cause the city had rezoned the half of the property facing Red Road to classification RU-5A, for semiprofessional building use. The trial court found that zoning imposed a restriction on use not based on needs of public health, welfare, safety and morals, and was unreasonable, discriminatory and confiscatory and not consistent with the uses of properties in the neighborhood.
We have considered the arguments of the parties in the light of the record and conclude that on the evidence presented the court was not in error in so holding. The trial court correctly recognized (as in fact had the city by its rezoning during the pendency of the suit) that changes which had occurred in the neighborhood required that the zoning classification be liberalized from single family residence use.
However, in choosing a particular liberalized classification and directing the city to so zone the property, the trial court invaded the legislative field, which is prohibited under the doctrine of separation of powers, as was held regarding a similar decree in City of Miami Beach v. Weiss, Fla.1969, 217 So.2d 836, 837. In that case, after so holding, the Supreme Court said:
“In Burritt v. Harris, Fla.1965, 172 So.2d 820, this Court upheld a trial court judgment enjoining the defendant municipality from the enforcement of any zoning regulation more restrictive than ‘Industrial A’ against the property of the complaining landowner in that case. On the surface it may appear that we are here dealing with inconsequential semantics but there is a real, valid and necessary distinction between a decree enjoining the enforcement of a classification *777 more restrictive than that named in the decree and which is the subject of the judicial inquiry and one directing the legislative body of the municipality to take the affirmative action of zoning the lands to a designated classification. Zoning involves much more than mere classification. Among other things it involves the consideration of future growth and development, adequacy of drainage and storm sewers, public streets, pedestrian walkways, density of population and many other factors which are peculiarly within the legislative competence.
“No case has been cited to us and our research has developed none in which this Court has approved a decree containing the mandatory requirements of that under consideration here.
“On the merits of the controversy, the record here conclusively establishes that the zoning of the lands under consideration is palpably arbitrary and unreasonable and has no reasonably debatable relation to the public health, safety or general welfare, and that it should be rezoned for a ttse consistent with surrounding areas and circumstances. We observe that the chancellor has properly retained jurisdiction for the purpose of carrying out the further order of the Court. On remand, the chancellor may require the prompt consideration of this property for rezoning and require the defendant City to file in the cause within such time as he shall designate a report showing sufficient compliance with his decree.”
In the instant case we are in agreement with the contention of the appellees that this property, which lies between Red Road on the east and southwest 57th Court on the west, should be rezoned to some classification more liberal than single family residence use. Therefore, as was done by the Supreme Court in the Weiss case, we remand the cause to the circuit court in order for that court to require a prompt consideration by the city of this property for rezoning in a manner not inconsistent with the decision of the circuit court as modified herein, and with this opinion.
The judgment appealed from is hereby modified by eliminating therefrom paragraphs numbered 2, 3 and 4 of the “Ordered” portion of the judgment, which directed the city to rezone the property to the particular classification of RU-5.
Accordingly, the judgment is affirmed in part and reversed in part and modified, and the cause is remanded to the circuit court for further proceedings as outlined above.