WALDEN, Judge.
Plaintiff below appeals from dismissal with prejudice of his action brought for review of a zoning change.
In July 1968 defendants filed an application with the City of Casselberry requesting that their property which was zoned R-l, single family residence, be changed to R-3, multiple family residence. The request was considered by the zoning board on several occasions. Although the only recorded vote showed the board opposed to the request by a vote of four to one, Mr. Wirz, Chairman of the Board, testified at a hearing before the City Council that the board really hadn’t taken a definite position. This hearing had been called on December 30, 1968, pursuant to Article XVI of City Ordinance 92, to settle the issue apparently unresolved by the zoning board. Article XVI provides that the City Council in conjunction with the zoning board may amend, supplement, change or repeal regulations, restrictions or district boundaries and designations after public hearing as provided in Chapter 176.06, Florida Statutes 1965, F.S.A. The hearing was conducted in polite parliamentary fashion with both sides given ample opportunity to express their respective positions. At the conclusion of the hearing vote of council was called for and the request for a change in the zoning district granted.
On February 27, 1969, plaintiffs, fearful of depreciation of their property, filed a complaint for declaratory judgment, in-junctive relief and alternative petition for writ of certiorari in the Circuit Court for Seminole County.
On March 14, Defendants Connells and Lusks filed a motion to dismiss on the ground that plaintiffs had failed to comply with Chapter 176, Florida Statutes 1967, F.S.A., and Rules 4.1, 4.5(c) (1) and 3.-2(b), Florida Appellate Rules, 32 F.S.A.
On June 5, the circuit court granted the defendants’ motion and dismissed plaintiffs’ case with prejudice and without opinion. The present appeal ensued.
The trial court was correct in dismissing the petition for writ of certiorari as untimely. Even appellant concedes this
*181 point.[1] Appellants’ contention on appeal is that, although certiorari is a means of reviewing zoning changes, it is not the only means of review.
In this contention appellant is eminently correct. Suits in equity seeking injunctive relief against zoning ordinances on the ground that it “ * * * impinges on some right or guarantee of the Constitution of this State has long been the traditional method of assaulting the validity of zoning ordinances or resolutions.” Harris v. Goff, Fla.App.1963, 151 So.2d 642. See also Keay v. City of Coral Gables, Fla. App.1970, 236 So.2d 133; Village of Pembroke Pines v. Zitreen, Fla.App. 1962, 143 So.2d 660; and our own decision in Carter v. City of Orlando, Fla.App.1969, 225 So.2d 169. Such proceedings even though review are in the nature of proceedings de novo. Josephson v. Autry, et al., Fla.1957, 96 So. 2d 784.
The appellant has properly framed his complaint on constitutional grounds[2] and should not be denied his day in court.
Reversed.
REED, J., and WILLIAMS, ROBERT L., Associate Judge, concur.

. We should point out here, also, that since the appeal here was not from a board of adjustment certiorari would not lie, pursuant to F.S. section 176.16, F.S.A., which pertains only to appeals from boards of adjustment. It is a fact that defendant stipulated to exhaustion of administrative remedies and it is also a fact that there was no review of the order at the administrative level.

. “14. That the action of the City Council of the City of Casselberry on December 20, 1968, purporting to rezone Applicants’ property is unlawful, in that said action, if constituting an ordinance, is so vague and indefinite that a legal construction of the same is impossible; that it permits uses of Applicants’ lands inconsistent to those uses permitted in the surrounding lands and permitted in the zoning district in which Applicants’ property is located; that said action is in reality spot zoning and is unharmonious with the remaining lands in the former zoning district of which Applicants’ lands formed a part; that said action of the City Council deprives Plaintiffs of their property without due process of law and has caused great damages to the premises of Plaintiffs and has greatly depreciated the values thereof. “15. That the. action of the City Council, as aforesaid, has the effect of creating a special zoning district consisting exclusively of Applicants’ four lots and creating a special zoning ‘island’ of uses not permitted to surrounding landowners and is therefore ‘spot’ zoning and does constitute a violation of the ‘equal protection of laws’ provisions of the United States Constitution as amended, as applied to these Plaintiffs and does further violate the rights of Plaintiffs set forth in the United States Constitution and the Constitution of the State of Florida, insofar as prohibited passage of laws depriving persons of property or interests therein without due process of law.”