PER CURIAM.
This is the second appearance of this zoning case before us. In City of Miami Beach v. Breit Bay, Inc., Fla.App.1966, 190 So.2d 354, we upheld a final decree enjoining the city from restricting the use of this property for single-family purposes. In our prior decision the property in question was described in the following manner: (190 So.2d at 355)
“The appellee’s property is ‘an island surrounded by roads.’ Directly to the west is the maze of highways that make up the cloverleaf, the terminus of the Julia Tuttle Expressway. Also to the west *19 is the Mount Sinai Hospital property. To the south, in the same block, is an eight-story Howard Johnson Hotel or Motel and Restaurant. Also immediately south of this property is a raw concrete blockhouse that is a power station for the power company.
“To the east, on the other side of North Bay Road, are single-family residences which are located in another zoning classification. Southwest of the property is the west bound entrance approach for Julia Tuttle Causeway.”
Subsequent to our decision in the previous appeal, the city rezoned [1] the subject parcel RM-14 (multiple family low density city district) which permitted a maximum of fourteen units per acre and a maximum height of thirty feet. This classification of the property was challenged by appellees and resulted in an amended final judgment in their favor which stated, inter alia:
“The provision of the Zoning Ordinance of the City of Miami Beach, Florida, insofar as it restricts and limits the use of the above described land [by clas-fication RM-14 is arbitrary and unconstitu-tutional and void.
“The City of Miami Beach is directed, in rezoning the property, not to restrict the use of the property in an arbitrary and unreasonable classification, and not to restrict the property so that it can not be used for professional office use and for motel use consistent with the character of the neighborhood which includes the Howard Johnson Motel to the South of the Breitbart property, and the Mt. Sinai Hospital Complex to the west of the Breitbart property.”
We have carefully considered the record, briefs and arguments of counsel in light of the controlling principles of law, and have concluded that there was sufficient evidence before the trial court to substantiate its finding that the zoning classification RM-14 is arbitrary and unconstitutional. See: Hammond v. Carlyon, Fla.1957, 96 So.2d 219; Tollius v. City of Miami, Fla.1957, 96 So.2d 122.
The second quoted paragraph of the judgment is an expression of the trial judge’s “legislative” intent upon the rezoning of the property. As such it directs that a certain use be allowed. By so doing, the trial court invaded the legislative field which is prohibited under the doctrine of separation of powers. See City of Miami Beach v. Weiss, Fla.1969, 217 So.2d 836; cf. City of South Miami v. Martin Brothers, Inc., Fla.App. 1969, 222 So.2d 775.
The judgment appealed from is hereby modified by eliminating therefrom the paragraph beginning “The City of Miami Beach is directed . . .” and ending “ . . . to the west of the Breitbart property.”, and by substituting therefore the following: “The City of Miami Beach is ordered to promptly reconsider the rezoning of the property in a manner not inconsistent with the decision of the circuit court and the opinion of the District Court of Appeal.”
Accordingly, the judgment is affirmed in part and reversed in part and modified, and the cause is remanded to the circuit court for further proceedings as outlined.
Affirmed in part, reversed in part, and remanded.

. Subsequent to our decision in Breit Bay, Inc., supra, the city rezoned the subject property to “RDE” (Restrict Multiple Family District) which permitted the use of apartment buildings containing not more than four single family units. The instant suit was instituted challenging that classification. Subsequent to the commencement oí the action but before final hearing, the city enacted a new ordinance classifying the property “RM-14”, the classification here under review. The lower court action proceeded to final hearing on the question of the constitutionality of the “RM-14” classification.