291 So.2d 28 (1974)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
John H. McGEARY, Jr., Appellee.
No. 73-113.
District Court of Appeal of Florida, Third District.
February 26, 1974.
Rehearing Denied March 25, 1974.
Stuart Simon, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellant.
Blackwell, Walker, Gray & Powers and Mark Hicks, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
CARROLL, Judge.
Metropolitan Dade County, the defendant below, appealed from an adverse judgment of the circuit court. The judgment was entered following a hearing on a petition for certiorari to review zoning action of the county commission with reference to certain land owned by the appellee.
The property, which previously was zoned for agricultural purposes, was rezoned by the county commission to the classification of RU-1 (single family residential). Thereafter the owner applied to the Zoning Appeals Board for liberalization of said zoning, namely, for the part thereof designated Tract A to be rezoned to RU-4M (multi-family, limited to 35.9 units per acre); for Tract B to be rezoned RU-2 (two-family residences); for Tract C to be rezoned RU-5A (semi-professional office district); and for Tract D to be rezoned RU-4M. In addition, the owner requested several special exceptions incident to the requested rezoning.
The Zoning Appeals Board approved the request to rezone a portion of the property, indicated as Tract C from the RU-1 classification to RU-5A (semi-professional office district) as requested by the owner, and rejected the request for rezoning of the other portions of the property and the requested special exceptions. Upon the owner's appeal thereof to the county commission, that body, in conformity to the action or recommendation of the Zoning Appeals Board, rezoned Tract C to RU-5A, and denied the requests for rezoning of the other portions of the property and the requested special exceptions.
*29 The owner filed a petition for certiorari directed to that action of the county commission. After hearing thereon the court entered the judgment which is the subject of this appeal by the county. Thereby the court granted certiorari, holding the classification RU-1 (single-family residential) for which the property previously had been rezoned by the county commission was "arbitrary, capricious, discriminatory and therefore void and cannot be deemed lawful." Thereupon, in the judgment, the court proceeded to rezone the several lettered Tracts of the property, rezoning Tract A to RU-4L, Tract B to RU-2, Tract C to RU-5 and Tract D to RU-4L; and directed the county commission to revise its zoning map of Dade County to reflect such rezoning of the property.
On consideration of the record, briefs and argument, we affirm the portion of the judgment holding improper the single-family residential zoning of the property. The effect of that holding is that some more liberal zoning thereof should be made by the county commission.
That part of the judgment by which the circuit court undertook to rezone the property, to stated more liberal classifications for the separate portions thereof, is reversed. It has been held uniformly and repeatedly that the ultimate classification of lands under zoning ordinances involves the exercise of legislative power, a field the invasion of which by the courts is interdicted by the doctrine of separation of powers. See City of Miami Beach v. Hogan, Fla. 1953, 63 So.2d 493, 495; City of Tampa v. Consolidated Box Company, Fla.App. 1959, 110 So.2d 446; City of Punta Gorda v. Morningstar, Fla.App. 1959, 110 So.2d 449, 454; Schoenith v. City of South Miami, Fla. 1960, 121 So.2d 810; Wood v. Twin Lakes Mobile Homes Village, Inc., Fla.App. 1960, 123 So.2d 738, 744; J.H.S. Homes, Inc. v. County of Broward, Fla. App. 1962, 140 So.2d 621, 626; Village of Pembroke Pines v. Zitreen, Fla.App. 1962, 143 So.2d 660, 662-663; Hillsborough County v. Twin Lakes Mobile Home Village, Fla.App. 1964, 166 So.2d 191, 193; City of Miami Beach v. Weiss, Fla. 1969, 217 So.2d 836, 837; City of South Miami v. Martin Brothers, Inc., Fla.App. 1969, 222 So.2d 775. If, based on the decision with respect to the single-family residential zoning classification, the property is to be rezoned to some more liberal use or uses, the determination of the uses for which it shall be so rezoned is a matter for consideration and legislative action of the county commission.
The judgment is affirmed in part and reversed in part as hereinabove set forth, and is amended by striking therefrom paragraphs numbered 4, 5 and 6. The cause is remanded to the circuit court with direction to enter an order providing that the county commission shall rezone the property (other than Tract C already more liberally rezoned), as a whole or separately as to portions thereof, to a classification or classifications permitting such use or uses more liberal than the present RU-1 zoning as the county commission, in the exercise of its legislative power, shall determine to be appropriate therefor.
It is so ordered.