WALDEN, Judge.
Stuart Marine was granted a variance in order to build dry-dock boat storage facilities. The appellant had contested the variance and appeals a trial court decision holding that the variance was properly given.
The property in question was zoned B-l:
“USES PERMITTED:
“In this District a building or structure or land shall be used for only the following purposes:
“(a) Any use permitted in HB-1 Limited Business District.
*246 “(b) Churches or schools can be constructed on property presently owned and held for such purposes if such construction is commenced five (5) years from the date of September 14, 1965.
“(c) Offices, banks, theatres (not drive-ins), beauty parlors, bars and night clubs, photograph studios, dry cleaning and laundry pick-up stations, barber shops, florists, automobile salesrooms, used car lots, parking lots and storage garages, telephone exchanges, restaurants and lunchrooms, police and fire stations, motels and hotels, golf driving ranges and put-putt golf.
“(d) Mechanical garages and gasoline and other motor fuel stations so long as such work is confined within a building and vehicles awaiting repair must be screened from view on the street and abutting property.
“(e) Signs appertaining to the above uses.
“(f) Refuse and storage areas shall be screened from view.”
House Bill 955, passed by the Legislature, provided for a board of zoning adjustment for Martin County. This board was permitted :
“To authorize upon appeal in specific cases such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions a literal enforcement of the provisions of the resolution will result in unnecessary and undue hardship.”
In this case Stuart Marine had purchased the property with the understanding that marina facilities were permitted — and, in fact, Stuart Marine now runs a marina on the subject property. To the right of the marina is a “boatel” catering to marine trades, and adjacent is a complete boatyard. It is worth noting that dry-boat storage is enumerated as a permissive use in Category R-3A, which is a higher zoning category than B-l.
Appellant has cited Josephson v. Autrey, 96 So.2d 784 (Fla.1957), in which a variance permitting a landowner to build a filling station in a primarily residential area was disallowed, although a zoning change had been effected permitting motels and tourist accommodations. The Josephson court said the variance was, in effect, rezoning the area. Josephson is distinguishable as follows:
(1) The petitioner there had bought the property when it was zoned residential.
(2) The petitioner failed to prove a unique hardship.
(3) The petitioner was requesting, in effect, a basic zoning classification change, which would not inure to the general benefit of the public.
The Josephson court reaffirmed its holding in Troup v. Bird, 53 So.2d 717 (Fla.1951):
“In Troup v. Bird . . . the board of adjustment did not change the basic zoning classification of the particular area involved. It merely relaxed the zoning regulations applicable to such area in order to permit the applicant for the variance to excavate a lake in an area otherwise zoned for residential subdivision uses. The residential use of the area remained the same.”
Troup v. Bird, supra, is analogous to the case here. Stuart Marine requested a variance for a higher use, dry boat storage, in a predominantly marine area. The higher use could not be considered a zoning change attempt, and the marine quality of the area will remain the same. It would be a unique hardship for Stuart Marine, having purchased property in a primarily marine area, having built a marina, and having planned to build a boat storage later, to be told now that it can not receive a variance for a higher use, to build ma *247 rine facilities in a marine area. For these reasons we affirm the trial court decision upholding the granting of the variance.
Affirmed.
DOWNEY, J., and NEWELL, EMERY, Associate Judge, concur.