PER CURIAM.
This is an appeal by owners of a tract of land from a judgment of the circuit court denying their petition for certiorari to review a decision of the County Commission of Dade County denying their application for a zoning boundary change.
At the time involved the County Commission was concerned with the problem of residential density of the area in which appellants’ tract was located. During a considerable period which elapsed between the filing of the petition for certiorari and the judgment of the circuit court thereon, a moratorium was in effect for a time, and an Area Study was made at the instance of the County, with regard to the subject of residential density.
In denying certiorari, the court did so “without prejudice to the filing by petitioners of a new zoning application notwithstanding any time limitations imposed on such a filing under presently existing County ordinances”. Preceding that holding there was reference in the judgment to the fact that zoning changes in the area had taken place subsequent to the time of the appellants’ application which the commission had denied. In that regard the court stated:
“In this cause, Petitioners’ application for an intensive zoning use was denied pending the outcome of the South-Dade Junior College Area Study. This Study is now completed and the Commission has considered and acted upon other applications for zoning changes in accordance therewith. It is now appropriate for Petitioners to file a new application for a zoning classification commensurate with the Study and now existing land uses in the area since the zoning character of the area has changed substantially since the initial application. Thus, the legislative zoning authority should now be permitted without restraint or direction to consider this application in light of the presently existing needs and zoning developments in the area concerned. This determination is one that is solely legislative in nature and a function that should not and cannot be assumed by the courts. Dade County v. McGeary, Fla.App.1974, 291 So.2d 28; Hillsborough County v. Ralston, Fla.App.1973, 284 So.2d 456.”
The appellants do not contend the judgment denying certiorari was error, but contend the judgment of the circuit court should have set forth guide lines and directions to the County Commission with respect to the action which it might take on a future application of the appellants for zoning boundary change as to the subject tract. We hold that contention is without merit. The ruling of the circuit court regarding that feature, as reflected in the above quoted portion of the judgment, was eminently correct.
The judgment is affirmed.