Seymour H. Rowland, Jr. City Attorney Ocala
QUESTION:
Do the special notice requirements of s. 166.041(3)(c), F. S., apply when the governing body amends the general text of a municipal zoning code but does not rezone a specific tract of land?
SUMMARY:
The special notice requirements contained in s. 166.041(3)(c), F. S., apply to or govern any amendment to a municipal zoning code or ordinance which has the effect of changing or altering the existing uses, restrictions, or regulation of land or permissible activities on or uses thereof within designated zones or districts; conversely, an amendatory ordinance not having such effect would not have to comply with the special notice provisions of s. 166.041(3)(c).
Section 166.041, F. S., establishes a uniform procedure for the adoption of municipal ordinances and resolutions. These procedures are applicable generally to all municipalities throughout the state, and the requirements set forth therein cannot be lessened or reduced by any municipality. See AGO 074-371. Generally, except for ordinances which rezone private real property, an ordinance must be read by title, or in full, on at least 2 separate days and noticed once in a newspaper of general circulation in the municipality at least 7 days prior to such ordinance's adoption.Compare City of St. Petersburg v. Austin, 355 So.2d 486 (2 D.C.A. Fla., 1978). As set forth in the statute, `[t]he notice of proposed enactmenet shall state the date, time, and place of the meeting, the title or titles of proposed ordinances, and the place or places within the municipality where such proposed ordinances may be inspected by the public.' Section 166.041(3)(a). The notice must also advise interested parties of their right to appear at a public meeting and be heard in respect to the proposed ordinance. However, for ordinances which rezone private real property, special, more stringent noticing procedures must be followed by the governing body of the municipality. See s. 166.041(3)(c). For ordinances in which the proposed rezoning involves less than 5 percent of the total land area of the municipality, notice by mail to each of the real property owners whose land the municipality will rezone by the enactment is required at least 30 days prior to a public hearing on the proposed ordinance. For proposed ordinances rezoning more than 5 percent of the total land area of the municipality, the statute sets out specific requirements for advertised notice. Section 166.041(3)(c) is not in terms limited to the rezoning of a single or specific parcel of land or the single ownership of a particular parcel of land; rather, it speaks in terms of `land area' and `area covered' by a proposed rezoning ordinance, as opposed to specific parcels or ownership of land.
You question which noticing requirements and procedures of the statute must be followed by a municipality that proposes to amend `the general text of the zoning code' rather than rezoning a specific parcel of real property. In a request for clarification of the term `amendment to general text of the zoning code,' you stated that it meant `a change in either the procedural orsubstantive provisions of the code that might affect all future petitions to rezone private property but having no immediate effect on any pending proceeding to zone or rezone private property.' (Emphasis supplied.) Since it is still not completely clear what types of amendments this term encompasses, this office may respond to your inquiry only in a general way.
Section 166.041(3)(c), F. S., in pertinent part, states that `[e]nactment of ordinances initiated by the governing body or its designee which rezone private real property shall be enacted pursuant to the following procedure . . . .' (Emphasis supplied.) The statute requires that notice be given to each property owner whose land the municipality proposes to rezone stating the substance of the proposed ordinance as it affects that property owner or, in cases involving more than 5 percent of the land area of the municipality, clearly explaining the proposed ordinance and, if by advertisement, containing a geographic location map of the area covered by the proposed ordinance.
`Zoning' is defined at 82 Am. Jur.2d Zoning and Planning s. 2 (1976), as the `division of a municipality or other local community into districts, and the regulation of buildings and structures (in such districts) according to their construction and the nature and extent of their use, or the regulation of land according to its nature and use.' See also 101A C.J.S. Zoning Land Planning s. 2 (1979), and Black's Law Dictionary (4th Rev. ed. 1968) at 1793. Thus the typical zoning ordinance divides the community into several or a number of districts, specifying or restricting the use to which the land in each district or zone may be put.
A rezoning ordinance is a legislative act which is, in effect, an amendment to the original ordinance. See 82 Am. Jur.2d Zoning Planning s. 18 (1976). The prefix `re' is defined by Webster's NewCollegiate Dictionary (1977), p. 960, as meaning `again' or `anew.' In Troup v. Bird, 53 So.2d 717 (Fla. 1951), the Florida Supreme Court stated that `rezoning ordinarily contemplates a change in existing zoning rules and regulations within a district, subdivision or other comparatively large area in a given governmental unit. . . .' It is stated at 8 McQuillin Zoning s. 25.93 (1976), that `rezoning to a different classification may be accomplished as effectively by changing the content of the classification as by shifting the classification category in which the particular property is placed.' In Sarasota County v. Walker,144 So.2d 345 (2 D.C.A. Fla., 1962), the court used the term `rezoning' in upholding a resolution of the board of county commissioners for Sarasota County which reclassified certain property from multiple dwelling to commercial use. In McGee v. City of Cocoa, 168 So.2d 766 (2 D.C.A. Fla., 1964), the Second District Court of Appeal stated that an amendatory zoning ordinance which changed the permitted use from multiple family to commercial within a district was a type of rezoning. See also
Metropolitan Dade County v. McGeary, 291 So.2d 28 (3 D.C.A. Fla., 1974). Thus, any amendment to the `substantive provisions' or `general text' of a zoning ordinance which has the effect of changing or altering existing uses or restrictions or existing regulation of land or permissible activities thereon within designated zones or districts is a type of rezoning. Also included in this definition would be the redrawing of district boundary lines. See 101A C.J.S. Zoning Land Planning s. 41 (1979). Seealso Troup v. Bird, supra, for a discussion of the distinction between rezoning and the granting of a variance from, or an exception to, zoning regulations.
Prepared by: Craig Willis, Assistant Attorney General