SCHNELLER ET AL., APPELLANTS, *v.* BOARD OF COUNTY COMMRS. OF HAMILTON COUNTY, APPELLEE.

(No. 7585—Decided May 12, 1952.)

Mr. *Nicholas Bauer,* for appellants.
Mr. *C. Watson Hover,* prosecuting attorney, Mr. *William J. Schmid* and Mr. *Carl B. Rubin,* for appellee.

*Per Curiam.* This cause now comes before the court upon the alternative motion for judgment on the pleadings.

The appeal draws in question a resolution of the Board of County Commissioners of Hamilton County amending its zoning regulations applicable to Sycamore township, Hamilton county, on the ground that the amendment is "unreasonable, unlawful, arbitrary, unwarranted and confiscatory."

This amendment was adopted by the county commissioners on March 21, 1951. The petition challenging its validity was filed in the Common Pleas Court on April 18, 1951. It is thus seen that it was filed 28 days after the adoption of the amendment resolution.

It was argued at the bar that Section 3180-11, General Code, provides an exclusive remedy by appeal and that this action is not an appeal to the Common Pleas Court, but an original action in that court invoking the original jurisdiction thereof. On the other hand, it is asserted that the remedy provided by Section 3180-11, General Code, is not exclusive, and that a party adversely affected has the right of recourse to the ordinary remedies appropriate to the situation.

We do not feel required to decide between these conflicting claims. Nor do we consider that we are required to pass upon whether this action could be regarded as an "appeal" within the meaning of that term as used in Section 3180-11, General Code.

No matter how we construe the word, "appeal," we are of the opinion that it constitutes a review by or appeal from the action of the board of county commissioners to the Court of Common Pleas and is governed by Section 12223-7, General Code, limiting the time within which such an appeal or review could be taken to 10 days from the date of the order drawn in question.

For these reasons, the motion for judgment is granted.

*Motion granted.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.