ARENDALE *et al. v.* RASCH *et al.*

(*Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

Rehearing denied March 3, 1954.

EULYSE M. SMITH, and L. E. GWINN, both of Memphis, for petitioners.

DAVID BALLON, J. GRANVILLE FARRAR, ABE WALDAUER, and LAKE HAYS, all of Memphis, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a zoning case involving the erection of a filling station and grocery store on a certain parcel of land on Highway 51 north of and outside of the corporate limits of the city of Memphis. There was a hearing and the Shelby County Board of Adjustment permitted the erection of these two buildings. The petitioners filed a petition for certiorari in the Circuit Court at Memphis. This was met by a motion to dismiss because of failure to file the petition within thirty days of the final action of the Board, and also that under the law, the Board had a right to make variations "where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such regulations."

The suit was dismissed and the petitioners have appealed here. They insist that the jurisdiction of the Board of Adjustment is limited to reviewing on appeal cases where it is sought to vary the usual building restrictions insisted upon by the County Building Commissioner relative to setback, heights of buildings, etc. and that the Board has no jurisdiction, appellate or

original, to vary the established zoning districts and restrictions relative to the use of land. The respondents insist that where practical difficulties or unnecessary hardships occur, the jurisdiction of the Board of Adjustment extends under the express terms of the Act, which is Chapter 613 of the Private Acts of 1931, to grant variations in the use of the land. The petitioners contend that it is not in reality a variation in use but a case of ''spot zoning' and that the Board had no such authority, and that the zoning is delegated exclusively to the Planning Commission and the County Court in approving the same.

It is insisted by the respondents that the final decision of the Shelby County Board of Adjustment in granting variation in use of the premises in question from agriculture to commercial uses and purposes was rendered on March 5, 1953. The petition for certiorari was not filed until May 15, 1953. The petition to rehear was, according to stipulation of counsel in open court, not filed until May, 1953.

■ ■ Article 6, Section 1 of the Rules of Procedure of the Shelby County Board of Adjustment provides that petition to rehear must be filed not later than the next regular meeting of the Board of Adjustment held after the decision complained of and it appears that said next regular meeting after March 5, 1953 was admittedly held April 2, 1953. It thus appears that the petition to rehear was filed too late. It further appears that the thirty-day period provided by Section 11, Chapter 613 of the Private Acts of 1931 within which petitioners could file petition for certiorari and supersedeas with the Court began to run from March 5, 1953; therefore, the filing of same on May 15, 1953 was too late.

This being the case, it is necessary to affirm the judgment of the court below. However, the Circuit Judge observed that assuming that the petition for certiorari was filed within time, nevertheless the petition considered along with the record and the minutes does not show that the Shelby County Board of Adjustment, in granting the variation complained of, acted illegally, without authority or jurisdiction or fraudulently.

In this connection, see *Spencer-Sturla Co.* v. *City of Memphis,* 155 Tenn. 70, 290 S. W. 608. On the question of whether the Board acted illegally and arbitrarily, see *W. J. Savage Co.* v. *City of Knoxville,* 167 Tenn. 642, 72 S. W. (2d) 1057; *Anderson* v. *City of Memphis,* 167 Tenn. 648, 72 S. W. (2d) 1059, and *Brooks* v. *City of Memphis,* 192 Tenn. 371, 241 S. W. (2d) 432.

However, we do not get to the point of saying whether the Board had authority to grant the proposed use of the land, but we base our decision on the ground that the petition for certiorari was not filed within the time allowed by the provisions of Chapter 613 of the Private Acts of 1931. Affirmed.