CARROLL, CHAS., Judge.
This is an appeal by the plaintiffs below, from an adverse summary final decree rendered in an equity suit in the Circuit Court in Dade County.
Appellants, desiring to make an unauthorized enlargement of a non-conforming use on property owned by them in the Town of West Miami, petitioned the town Planning and Zoning Board for a variance, which the board denied on July 9, 1958. The owners then appealed that decision to the Town Council, which also ruled adversely to them, on July 21, 1958. More than 30 days later, on September 11, 1958, appellants filed suit in the Circuit Court seeking to compel the town to grant the requested variance.
The town’s answer, as amended, pleaded non-compliance with the 30 day period allowed for suit in the Circuit Court, after such action on the matter by the town, as provided for in § 176.16, Fla.Stat., F.S.A.[1] The town then moved for summary judgment, supporting its motion with a showing of the applicable zoning ordinance, and reports of the proceedings on the matter before the Town Zoning Board and the Council.
The chancellor granted summary judgment in favor of the defendant town, and dismissed the cause. The decree was based “upon the sole ground of the failure of plaintiffs to comply with Section 176.16 of the Florida Statutes.”
Under the circumstances revealed in the case the provisions of § 176.16 were applicable, and the learned chancellor was eminently correct in enforcing the 30 day period for filing a petition for review in the Circuit Court as provided for in the statute. See Cliff v. Bilett, 125 Colo. 138, 241 P.2d 437; Carbone v. Zoning Board of Appeals, 126 Conn. 602, 13 A.2d 462; Ballman v. Duffecy, 230 Ind. 220, 102 N.E. 2d 646; Bischoff v. Hennessy, Ky.1952, 251 S.W.2d 582; Maryland Clothing Mfg. v. City of Baltimore, 207 Md. 165, 113 A.2d 743; Del Grosso v. Board of Appeal of Revere, 330 Mass. 29, 110 N.E.2d 836; Schneller v. Board of County Com’rs, 91 Ohio App. 523, 108 N.E.2d 747; Blank v. Board of Adjustment, 390 Pa. 636, 136 A.2d 695; Arendale v. Rasch, 196 Tenn. 374, 268 S.W.2d 102; 101 C.J.S., Zoning, §§ 353, 360; 2 Rathkopf, The Law of Zoning & Planning, 146-159 (3d ed. 1957); 1 Yokley, Zoning Law & Practice, § 174 (2d ed. 1953). Cf. Josephson v. Autrey, Fla.1957, 96 So.2d 784, 786-787.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.

. Section 176.16 in Chapter 176, Fla.Stat., F.S.A., which deals with municipal zoning, provides: “Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board or bureau of the governing body of said municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.”