139 So.2d 448 (1962)
BOARD OF ADJUSTMENT of City of Fort Lauderdale, Florida, Appellant,
v.
John H. KREMER and E.G. Kraynak, Appellees.
No. 2461.
District Court of Appeal of Florida. Second District.
March 28, 1962.
*449 John I. Jacobson of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellant.
Richard J. Cory of Ross, Norman & Cory, Fort Lauderdale, for appellees.
SHANNON, Chief Judge.
The appellant was the respondent below and the appellees were the petitioners. They will be referred to in this opinion as the appellant and the appellees.
This is an appeal from the entry of a final judgment in favor of appellees, on February 1, 1961. This matter came on to be heard before the Board of Adjustment of the City of Fort Lauderdale, Florida, on appeal from the denial of a building permit to Richard E. Durham and his wife. It was the unanimous decision of the Board of Adjustment that the Durham's request to build a service station be granted and the Board of Adjustment determined that "the ruling of the officer as to zoning regulations or ordinance is correct in point of law, but owing to special conditions, a literal enforcement of the provisions will result in unnecessary hardship to the aggrieved party and granting permission to the appellant to violate the strict terms of the zoning ordinance in the respects stated in the order, which will uphold the spirit of the ordinance and yet permit substantial justice to be done."
Subsequently, a petition for writ of certiorari was filed in the circuit court, in which the petitioners challenged and sought reversal of the order of the Board of Adjustment. The court below allowed the petitioners to proceed upon a trial de novo, which resulted in a final judgment granting the writ of certiorari and reversing the order of the Board of Adjustment. The court in its final judgment stated:
"Richard E. Durham and Eldra F. Durham * * * the owners * * appealed to the Board of Adjustment of the City of Fort Lauderdale * * seeking a variance from the Board permitting the said owners to construct a filling station upon their said property, notwithstanding provisions of Section 47-14 paragraph (a), subparagraph (1) of the Code of Ordinances of the City of Fort Lauderdale providing that there shall be a minimum distance of 750 feet airline measurement between the nearest property line of the lot or plot of land upon which the proposed service station is to be constructed and the nearest property line of a lot or plot of land upon which an existing service station is located."
The circuit court then went on to find that the variance was sought for the applicants' economic advantage; that the testimony revealed no hardship in the use of the Durham property other than a hardship general to all the property located within 750 feet of an existing gasoline service station; and that the Durhams could reasonably use their property for other purposes permitted under B-1 zoning.
Among the facts that were brought out at the hearing below is that the Durhams had owned this particular land since 1947. The City of Fort Lauderdale passed the regulating ordinance in 1953. The property was in B-1 zone, but the ordinance set forth various requirements for the erection of service stations, one of which was that there be 750 feet between service stations, which, in the present case, the Durham's parcel of land would not allow. Also, shown in the record as incidence of hardship was the fact that the Durhams had been trying to lease or sell the property since 1954, that they had considered *450 every type of business, and that the hardship is present in that they could not use the property as a service station in competition to some three others in the vicinity.
While the appellant has presented seven points on appeal in its brief, we think it is necessary to treat only two of these, which resolve themselves into the questions  whether certiorari did lie to the order of the Board of Adjustment in the circuit court, and, did the court err in reversing the order of the Board of Adjustment?
In regard to the first point, the petition for writ of certiorari filed in the court below was in accordance with Chapter 176, Fla. Stat., F.S.A., relating to Municipal Zoning, Secs. 176.16, 176.17. Sec. 176.24 provides that "[t]his chapter shall not be construed to have the effect of repealing, impairing, or modifying any general or special law granting any like or similar powers to any municipality in the State, but the powers herein granted shall be supplemental and cumulative." (Emphasis supplied). This section appeared as Sec. 11, Ch. 19539, Laws of Florida 1939. The 1957 Florida Legislature passed a special act amending the charter of the City of Fort Lauderdale. Chapter 57-1322, Laws of Florida. This law contains the city's authority regarding zoning regulations. Secs. 327 through 334 establish the Board of Adjustment of the city and set forth its powers. Sec. 334 concerns appeals from decisions of the board, and reads as follows:
"Any person or persons, jointly or severally, aggrieved by any decision of the Board of Adjustment, may present to the Circuit Court of the county by an action in chancery for declaratory decree or equitable relief of complaint or petition duly verified in the manner provided by law and setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality, provided same is filed within thirty (30) days after such decision." (Emphasis added).
It is to be noted that the italicized portion of the quoted section follows the delineation of the procedure to be utilized in obtaining equitable relief in the circuit court and provides that a duly verified petition may be presented in the manner provided by law. By the language of Sec. 334, supra, we perceive that the legislature, in passing this special act, provided relief in the circuit court, by the procedure outlined therein or by the procedure set forth in Ch. 176, Fla. Stat., F.S.A., which the legislature provided shall be supplemental and cumulative. Further, the statutory certiorari provided for in Ch. 176, Fla. Stat., F.S.A., is not the traditional certiorari proceeding but rather an original proceeding de novo. As such it is reviewable in this court by appeal. Phillips v. County of Dade, Fla.App. 1961, 133 So.2d 573; Wexler v. Ring, Fla.App. 1961, 125 So.2d 883; and State v. Furen, Fla. 1960, 118 So.2d 6. We, therefore, find no error in the procedural aspects of this cause.
The appellant seeks reversal of the judgment of the circuit court on the theory of hardship. However, the hardship, if any, is one for which the majority of decisions refuse to grant relief. In 35 Fla.Jur., Zoning Laws, Sec. 24, it is stated:
"`Unnecessary hardship.' as used in a zoning ordinance, and relating to variances, usually means that the difficulties or hardships relied on must be unique to the parcel involved in the application for the variance. They must be peculiar to that particular property, and not general in character, since difficulties or hardships shared with others in the area go to the reasonableness of the zoning generally, and will not support a variance. If the hardship is one that is common to the area, the remedy is to seek a change of the zoning for the neighborhood rather than to seek a change through a variance for an individual owner. * * *"
*451 8 McQuillin, Municipal Corporations, 3rd Edition Revised, Sec. 25.167, reads, in part, as follows:
"It is fundamental that the difficulties or hardships must be unique to justify a variance; they must be peculiar to the application of zoning restrictions to particular property and not general in character, since difficulties or hardships shared by all go to the reasonableness of the zoning restrictions broadly and render them invalid or call for their modification by amendatory ordinance. In other words, the plight of an applicant for a variance must be due to unique circumstances and conditions. The difficulty or hardship of an applicant for a variance, to entitle him thereto, must be special or unique in contrast with that of other property owners in the same district. If the hardship is common to the whole neighborhood, the remedy is to seek a change in the ordinance rather than a variance."
On the question of whether the relief sought by the appellant is a variance or an exception we refer to the opinion of our own court in Mayflower Property, Inc., v. City of Fort Lauderdale, Fla. App. 1962, 137 So.2d 849, wherein Ch. 57-1322, Laws of Florida was likewise under consideration. Judge Smith, for the court, said:
"A `variance' is the relief granted from the literal enforcement of a zoning ordinance permitting the use of property in a manner otherwise forbidden upon a finding that enforcement of the ordinance as written would inflict practical difficulty or unnecessary hardships on a property owner. An `exception' is a departure from the general provisions of a zoning ordinance granted by legislative process under express provision of the enactment itself. If certain facts or circumstances specified in the ordinance are found to exist, then either on a direct application, or on an appeal from an administrative order enforcing the zoning ordinance, a Board of Adjustment may grant an exception. A variance is entirely different from an exception although the terms are sometimes, in error used synonymously. In the absence of a specific provision of law requiring it, one need not show unusual hardships to secure an exception. An ordinance granting the power to make exceptions must contain proper standards or rule of guidance, and under such circumstances, the Board is not rezoning or usurping legislative power. * * *"
The court then concluded that the standards set forth in the Act (Ch. 57-1322) are those applicable only to a variance, and that "[i]t is, therefore, obvious that the authority to grant special exceptions and variances is used synonymously so that in this respect the power of the Board is to grant variances."
The opinion of the Third District Court of Appeal in the case of Elwyn v. City of Miami, Fla.App. 1959, 113 So.2d 849, states:
"A variance should not be granted where the use to be authorized thereby will alter the essential character of the locality, or interfere with the zoning plan for the area and with rights of owners of other property; and a variance which permits a use not authorized by an existing zoning classification fixed under a planned zoning of the area or neighborhood, generally is not justified unless the land can not yield a reasonable return when used only for purposes authorized in its present zoning. From the complaint it appears that the variance was sought for the economic advantage of the applicant, and not because the property was not reasonably and profitably usable for one or another of the purposes for which it was zoned." (Emphasis added).
*452 See also Friedland v. City of Hollywood, Fla.App. 1961, 130 So.2d 306; Union Trust Company v. Lucas, Fla.App. 1960, 125 So.2d 582; and Josephson v. Autrey, Fla. 1957, 96 So.2d 784.
Finding no error in the final judgment upon which this appeal is based, the same is affirmed.
KANNER and WHITE, JJ., concur.