PER CURIAM.
The City of Miami appeals a final decree which invalidated the distance provisions contained in the city’s comprehensive zoning *878 ordinance relating to the erection of gasoline filling stations.
Under the ordinance, filling stations were permissible within the area where appel-lee's property was located, provided they were more than 350 yards from a “church, hospital, school or other such institution where large numbers of pedestrians congregate.” The appellee’s property was less than 350 yards from a church.
The city commission of the City of Miami, by Resolution 33462, dated March 7, 1962, upheld a recommendation of the City Planning Board in denying the appellee’s application for a variance permit to erect a gasoline filling station on the property in question. On October 19, 1962, more than six months later, the appellee filed a bill for declaratory judgment and equitable relief alleging, inter alia, the exhaustion of administrative remedies and -the invalidity of the distance limitations contained in the ordinance, as being arbitrary, discriminatory and void.-. Appellant answered, denying that the ordinance was invalid as it applied to appellee’s property.[1] On January 15, 1963, prior to final hearing, appellant requested leave of the chancellor to file an amended answer setting up the affirmative defense of the appellee’s failure to pursue the remedies prescribed by § 176.16, Fla. Stat., F.S.A.,[2] and specifically that the ap-pellee had failed to timely file a petition for certiorari from the denial by the city commission of the appellee’s requested variance. Appellant’s request to amend was denied at the time of the final hearing and the final decree was subsequently entered.
Appellant contends that inasmuch as ap-pellee sought special relief and the chancellor granted it without ruling on the general validity of the zoning ordinance, the complaint was subject to the thirty days’ limitation of § 176.16, supra. In refutation, the appellee simply argues that § 176.16, supra, has no application to the City of Miami because the city has enacted its zoning regulations under direct charter powers (special acts) and not the general zoning law of the state. For the reasons now set forth, we must reject this argument of appellee.
It has not been made to appear, nor have we been able to ascertain, that the City of Miami, by charter authority or otherwise, has a prescribed method for reviewing the decisions of the administrative agencies of the city, including its legislative body, the city commission. In the absence of such a specified method of review, created by special statutory authority, the provisions of the general statutory law (§ 176.16, supra) must prevail. See Board of Adjustment of Fort Lauderdale v. Kremer, Fla.App.1962, 139 So.2d 448. The fact that the city has enacted its zoning regulations under direct powers derived from a special act of the legislature cannot be the basis for appellee to attack the ordinance by a suit in chancery without regard to the provisions and effect of § 176.16, supra. See Carlson v. West Miami, Fla.App.1960, 118 So.2d 835; cf. Village of Pembroke Pines v. Zitreen, Fla.App.1962, 143 So.2d 660. For a general discussion of the application of § 176.16, see Union Trust Co. v. Lucas, Fla.App.1960, 125 So.2d 582; and Josephson v. Autrey, Fla.1957, 96 So.2d 784.
We conclude that appellant’s motion for leave to amend its answer to assert the *879 affirmative defense of the limitation provisions of § 176.16, supra, should have been granted. See Hennessey v. City of Fort Lauderdale, Fla.App.1958, 101 So.2d 176.
In view of the conclusions reached here, it is unnecessary to discuss other contentions of the appellant. Accordingly, the decree appealed should he and it is hereby reversed.
Reversed.

. On final hearing before the chancellor, counsel for the appellee conceded that the attack was solely against the ordinance as it applied to the appellee’s property and not in toto.

. § 176.16 in Chapter 176 which deals with municipal zoning provides: “Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board or bureau of the governing body of said municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall he presenten lo the court within thirty days after the filing of the decision in the office of the hoard.” [Emphasis supplied.]