167 So.2d 841 (1964)
Horace THOMPSON, Petitioner,
v.
CITY OF MIAMI, a Municipal corporation, Respondent.
No. 33330.
Supreme Court of Florida.
September 9, 1964.
Rehearing Denied October 28, 1964.
*842 Wm. W. Charles, Miami, for petitioner.
John R. Barrett, City Atty., and Edward J. Fitzpatrick, Asst. City Atty., for respondent.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of the District Court of Appeal, Third District, because of an alleged conflict with a prior decision of another District Court of Appeal. City of Miami v. Thompson, Fla. App., 159 So.2d 877.
We must decide whether the limitations prescribed by Section 176.16, Florida Statutes, F.S.A., are applicable to an equity proceeding which assaults the validity of a municipal zoning ordinance.
We glean the salient facts from the opinion of the District Court. Pursuant to special charter powers the City of Miami adopted a comprehensive zoning ordinance. Under the ordinance Thompson's property was located in a zone where filling stations were permitted. However, the ordinance contained a provision to the effect that a filling station must be more than 350 yards from a "church, hospital, school or other such institution where large numbers of the pedestrians congregate." Thompson's property was less than 350 yards from a church. The petitioner applied to the City Planning Board for a variance permit to erect a gasoline filling station on his property. On March 7, 1962, the City Commission sustained the Planning Board's denial of the application. On October 19, 1962, Thompson filed a complaint for equitable relief, contending that the ordinance was void in toto and as applied to his property. The case was disposed of by the chancellor on the latter ground. Prior to final hearing the City requested leave to amend its answer in order to assert the defense that Thompson had failed to pursue the remedies prescribed by Section 176.16, Florida Statutes, F.S.A. This section, which is a component of the general municipal zoning law, reads as follows:
"Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board or bureau of the governing body of said municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board."
The Section was amended by Chapter 63-512, Laws of Florida, 1963. However, the amendment is not applicable here.
The principal point made by the City was that Thompson had failed to file a petition for certiorari to review the adverse decision of the City Commission within 30 days from the date thereof. The Chancellor denied the City's request to amend and granted the relief sought by Thompson. On appeal, the District Court of Appeal, reversed with a holding that the 30 day limitation provided by Section 176.16, Florida Statutes, F.S.A., was applicable to the chancery proceeding. We are requested to review this decision because it allegedly conflicts with the decision of the District Court of Appeal, First District, in Harris v. Goff, Fla.App., 151 So.2d 642.
By its decision in the instant case the District Court, Third District, announced that there was no prescribed method for reviewing municipal legislative action "by charter authority or otherwise." (Emphasis added) In Harris v. Goff, supra, the District Court of Appeal, First District, *843 held that an equity suit for an injunction has long been the traditional method of assaulting the validity of zoning ordinances. In DeGroot v. Sheffield, Fla., 95 So.2d 912, we stated that attacks on municipal zoning ordinances are typical examples of the employment of an equity injunction suit to assault allegedly unconstitutional legislative action. We detect a conflict between the instant decision and the others cited. The case before us holds that statutory certiorari is the only method for obtaining relief under the instant circumstances. The others clearly recognize an equity injunction suit as an appropriate procedural approach to the problem. We feel justified, therefore, in proceeding to the merits.
Moreover, the District Court here went even further. It held that the cited statute was exclusive and permitted no alternative.
The City of Miami exercised its zoning powers pursuant to special charter provisions. Chapter 10847, Special Acts of 1925, as amended. The record indicates that the City has never elected to proceed under Chapter 176, Florida Statutes, F.S.A. This general act provides an optional method of accomplishing municipal zoning. By the very terms of the act, however, it is not mandatory. Section 176.24, Florida Statutes, F.S.A., expressly provides that the powers granted thereby shall be "supplemental and cumulative." Unless a city elects to proceed under Chapter 176, supra, it is not bound by its provisions. In Pinellas County v. Laumer, Fla., 94 So.2d 837, we stated, admittedly by way of obiter, that the cited general law merely delegates zoning powers to cities and it is not applicable unless a city elects to utilize it. We now expressly so hold. The City of Miami proceeded under its special charter powers, rather than Chapter 176, supra. It was not bound by the provisions of the general act, inasmuch as it had not elected to proceed under it.
Another aspect of the matter should be noted. The review authorized by Section 176.16, supra, applies only to decisions of a Board of Adjustment which the act creates to hear administrative appeals. The Board's powers are prescribed by Section 176.14, Florida Statutes, F.S.A. It is limited to the review of decisions of the administrative zoning official and it may grant special exceptions or variances under the zoning ordinance.
While the instant litigation originated in a request for a variance, the complaint was not leveled directly at the ruling on the request. Here the complaint was a direct attack on the validity of the zoning ordinance itself, as applied to petitioner's property. Consequently, even if Chapter 176 were otherwise held to be applicable, the statutory certiorari proceeding under Section 176.16, supra, would not have been available to accomplish the results desired.
Board of Adjustment of Fort Lauderdale v. Kremer, Fla.App., 139 So.2d 448, cited by the District Court is not controlling. There, the city charter expressly authorized review of board action by a "petition duly verified in the manner provided by law." Alternatively under the statute, equity relief could be sought. Carlson v. Town of West Miami, Fla.App., 118 So.2d 835, involved a request to compel the grant of a variance and apparently the town exercised the zoning powers granted by Chapter 176, supra. Village of Pembroke Pines v. Zitreen, et al, Fla.App., 143 So.2d 660 supports the conclusion which we here reach that an assault on the validity of a zoning ordinance may be accomplished by a suit in equity, rather than statutory certiorari under Section 176.16, Florida Statutes, F.S.A. But see, Union Trust Co. v. Lucas, Fla. App., 125 So.2d 582.
We therefore conclude that the District Court was in error in holding that Section 176.16, supra, was mandatory in the instant matter and thereby precluded the filing of the equity complaint more than 30 days after the adverse action of the City Commission. We do not have before us the *844 other points on appeal raised by the City in the District Court. We therefore cannot dispose of the entire matter on the merits here. On the point which we have discussed, which is the sole point of decision in the District Court opinion, the decision under review is quashed. The cause is remanded to the District Court for an appropriate decision on the other assignments of error presented to, but not passed upon, by that court. Cf. Van Fleet v. Lindgren, Fla., 107 So.2d 381.
It is so ordered.
DREW, C.J., THOMAS and HOBSON (Retired), JJ., and MASON, Circuit Judge, concur.