294 So.2d 52 (1974)
CITY OF TALLAHASSEE, Florida, a Municipal Corporation, Appellant,
v.
Stanley POOLE and Eulalia Stiles Boone, Appellees.
No. U-165.
District Court of Appeal of Florida, First District.
May 7, 1974.
*53 John D. Buchanan, Jr., John E. Crusoe and Bryan W. Henry of Henderson, Richardson, Henry, Buchanan, Munroe & Rodman, P.A., Tallahassee, for appellant.
James C. Truett of Madigan, Parker, Gatlin, Truett & Swedmark, Tallahassee, for appellees.
SPECTOR, Acting Chief Judge.
This is an interlocutory appeal wherein appellant seeks review of an order denying its motion to dismiss the complaint filed by appellees in a municipal zoning case.
By their complaint, appellees allege to be the owners or optionees of 71 acres on West Tharpe Street, City of Tallahassee, which is zoned C-1 General Commercial District and R-1 Single Family Residential. The complaint further alleges that appellees applied for a zoning change from the above classification to RM-1 Single, Two, Three, Four and Multiple Family Residential District. At the time of said application, appellees presented an application for a planned unit development in accordance with the proper zoning code provision of the appellant city. On September 14, 1972, the City-County Planning Commission failed to approve or disapprove the application for zoning change by a tie vote of 3-3, and the said application was forwarded to the City Commission for consideration. Following a full presentation of the rezoning application, the City Commission unanimously voted to reject or deny the rezoning application. This occurred January 23, 1973.
On May 18, 1973, the complaint herein was filed by appellees, and the appellant city timely filed its motion to dismiss the complaint contending that the lower court has no jurisdiction to consider the action because it is in the nature of an appeal to review administrative action of the City Commission to determine whether it was arbitrary, discriminatory or in accordance with law. The trial court denied the motion to dismiss and this interlocutory appeal followed.
The primary thrust of appellant's contention is that appellees' sole remedy to review the denial of the rezoning petition was by certiorari filed pursuant to Section 176.16, Florida Statutes, F.S.A., or Florida Appellate Rule 4.5, subd. c(1), 32 F.S.A. Appellant's contention is not well founded. The action sought to be reviewed in the circuit court  that is, the denial of the rezoning petition  is not a quasi-judicial action and therefore is not susceptible of review by a certiorari proceeding. See Harris v. Goff, 151 So.2d 642 (Fla.App. 1963), and Harris v. Burritt, 151 So.2d 645 (Fla. App. 1963). Since there is nothing in the record before us indicating that the appellant city elected to proceed pursuant to Chapter 176, Florida Statutes, F.S.A., with respect to its zoning ordinances, that chapter is not controlling. Moreover, even were Chapter 176, Florida Statutes, F.S.A., applicable, it was held in Thompson v. City of Miami, 167 So.2d 841 (Fla. 1964), that Section 176.16 applies only to decisions of a Board of Adjustment, whereas in the case sub judice we are concerned with a decision of the City Commission denying an application for rezoning.
While we hold that the trial court below has jurisdiction to consider appellees' claim as opposed to appellant's contention that review must be by certiorari filed within thirty days of the denial of appellees' application for rezoning, we make no ruling whatever on the merits of the claim asserted by appellees in their complaint.
Accordingly, the interlocutory appeal herein is dismissed.
JOHNSON and BOYER, JJ., concur.