405 So.2d 745 (1981)
CITY OF LAKELAND, Appellant,
v.
FLORIDA SOUTHERN COLLEGE, Appellee.
No. 81-1072.
District Court of Appeal of Florida, Second District.
October 7, 1981.
Rehearing Denied November 12, 1981.
David E. Cardwell, City Atty., Lakeland, for appellant.
Ernest M. Jones, Jr. of Jacobs, Valentine, Groseclose and Miller, P.A., Lakeland, for appellee.
Robert E. Puterbaugh of Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Lakeland, for Dwight I. Pugh, amicus curiae.
RYDER, Judge.
The City of Lakeland appeals from the circuit court's grant of certiorari to review a decision of the City's Zoning Board of Adjustments and Appeals. We hold that the lower court applied an incorrect standard of review, and we reverse.
Appellee College, desiring to construct a multi-story dormitory, elicited a ruling from the City's building inspector that the proposed dormitory would be subject to ordinary residential height restrictions. Appellee then appealed that unfavorable administrative determination to the Zoning Board of Adjustments and Appeals. After a hearing, the board upheld the determination of the building inspector. Appellee then filed a petition for writ of certiorari in circuit court, seeking again to overturn the residential determination. The circuit court found the decision of the zoning board not supported by competent evidence because incorrect definitions for the terms were used. The court found the use to be institutional rather than residential and reversed the zoning board.
The parties below do not argue that appellant City has adopted zoning review pursuant to the terms of section 163.250, Florida Statutes (1979). Likewise, the submitted ordinances do not suggest that the City adopted these provisions. See Bell v. City of Sarasota, 371 So.2d 525 (Fla.2d DCA 1979). Absent adoption of chapter 163, there is no appeal from the decision of the Zoning Board of Adjustments. The only judicial review permitted is pursuant to common law certiorari. See G.W. Development *746 Corp. v. Village of North Palm Beach Zoning Board of Adjustment, 317 So.2d 828 (Fla. 4th DCA 1975). The circuit court, under such a petition for common law certiorari, was limited to a narrow determination of (1) jurisdiction below and (2) whether the proceedings below departed from the essential requirements of law. E.g., Gulf Cities Gas Corp. v. Cihak, 201 So.2d 250 (Fla.2d DCA 1967).
There is no question of jurisdiction raised below. We fail to see how the board's construction of the ordinance below could be a departure from the essential requirements of law. The applicable zoning code fails to clearly place the dormitory in either a residential category with a restricted height or in an institutional category with higher permitted height. That the zoning board performed its function to resolve the question by classifying the dormitory as residential does not require reversal on common law certiorari. The board considered provisions of other ordinances, listened to representatives of appellee, considered the decision of the building inspector, and made a decision. That decision is not clearly inconsistent with any law or ordinance. No departure from the essential requirements of law thus appears.
We REVERSE the grant of certiorari below and REMAND with instructions to reinstate the order of the Zoning Board of Adjustments and Appeals.
BOARDMAN, A.C.J. and DANAHY, J., concur.