408 So.2d 1080 (1982)
Ralph G. BOALT, Jr., Appellant,
v.
CITY COMMISSIONERS, CITY OF MIAMI, a Municipal Subdivision of the State of Florida, Appellee.
No. 81-770.
District Court of Appeal of Florida, Third District.
January 19, 1982.
*1081 R. Stuart Huff and Gregg J. Ormond, Coral Gables, for appellant.
George F. Knox, Jr., City Atty. and Mark A. Valentine, Asst. City Atty., for appellee.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Boalt's application for a zoning variance was denied by the City's Zoning Board and the denial affirmed by the City Commission. Boalt filed a complaint in the Circuit Court seeking review of the denial of the zoning variance by a trial de novo. The City, contending that Boalt was not, as a matter of law, entitled to this method of review moved for judgment on the pleadings.[1] The trial court granted the City's motion, and Boalt appeals.
The trial court's ruling was bottomed on its determination that the City Commission had not elected to be bound by the provisions of Section 163.250, Florida Statutes (1979), which provides for review of the decisions of boards of adjustment (here the City Commission) by a trial de novo, at the election of the party seeking such review.[2] In order to make that determination, the trial court had to find that the City had not taken "formal suitable action declaring its election to proceed under the provisions of [Chapter 163]," as required by Section 163.315, Florida Statutes (1979), and had not exercised "any or all of the powers granted under the provisions of [Chapter 163] ... [by the] passage of an appropriate ordinance to that effect by the governing body." See § 163.175(1), Fla. Stat. (1979).
Boalt contends that the action required by Sections 163.315 and 163.175 was in fact taken by the City when, in 1973, it passed Ordinance No. 8198 dealing with variances and providing for the method of appeal from adverse variance decisions. That ordinance states, in pertinent part:
"Any person or persons, jointly or severally, aggrieved by any action of the City Commission, affirming, modifying, or reversing a decision of the Zoning Board, or any officer, department, board, commission or bureau of the City may seek recourse to the courts as provided by the laws of Florida." (emphasis supplied).
The narrow question before us is whether the emphasized language in the ordinance effectively adopts Section 163.250. We decide it does.[3]
In Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979), the City of Sarasota had sought review in the Circuit Court of a Board of Adjustment decision granting a variance.[4] The court of appeal found the *1082 City's petition for review a permissible exercise of the right given an aggrieved party under Section 163.250, because the City had passed an appropriate ordinance effective to adopt Section 163.250. The subject ordinance, Section 43-11 of the City of Sarasota Code, read:
"Any person or persons, jointly or severally, aggrieved by any decision of the Board of Adjustment, or any officer, department, board, commission or bureau of the City may apply to the circuit having jurisdiction in Sarasota County for judicial relief within thirty (30) days after rendition of the decision by the Board of Adjustment in accordance with state law." (emphasis supplied).
In our view, an ordinance providing for review "in accordance with state law," held by the court in Bell to effectively adopt Section 163.250, is indistinguishable from Ordinance No. 8198 providing for recourse "as provided by the laws of Florida."
The decision of the Second District Court of Appeal in Board of Adjustment of City of Fort Lauderdale v. Kremer, 139 So.2d 448 (Fla. 2d DCA 1962), equally supports our decision that the language used by the City of Miami in Ordinance No. 8198 was effective to adopt Section 163.250. There the party aggrieved by a Board of Adjustment variance decision was allowed review by trial de novo in the Circuit Court. The City Charter provided:
"Any person or persons, jointly or severally, aggrieved by any decision of the Board of Adjustment, may present to the Circuit Court of the county by an action in chancery for declaratory decree or equitable relief of complaint or petition duly verified in the manner provided by law and setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality, provided same is filed within thirty (30) days after such decision." (emphasis in original).
The appellate court, endorsing the de novo review employed by the trial court, held that the emphasized language "petition duly verified in the manner provided by law" constituted a sufficient adoption of the de novo review procedures set forth in then Chapter 176.16, Florida Statutes,[5] the predecessor to and functional equivalent of Section 163.250.
The City argues that the words "as provided by the laws of Florida" were intended to give an aggrieved party the right to proceed only by common law certiorari. But the unstated logic of Bell and Kremer is that the words "in accordance with state law" or "in the manner provided by law" must refer to the review procedures provided by statute or be virtually meaningless. That is so because no "law" is needed to give a Circuit Court jurisdiction to review by common-law certiorari the administrative action of a city.
"[B]y definition, certiorari review is not direct appellate review and is not provided for by law, but, entirely to the contrary, is only available, at the discretion of the court, when there is no other right to review provided by law." G-W Development Corporation v. Village of North Palm Beach Zoning Board of Adjustment, 317 So.2d 828, 831 (Fla. 4th DCA 1975).
What the law does provide, however, is the statutory review in Section 163.250 either by way of statutory certiorari or de novo trial.
"In the case of appellate review of administrative decisions by statutory certiorari, the `review' is sometimes even broader and may be, as was the case with *1083 Ch. 176 `in the nature of a trial de novo.' Dade County v. Carmichael, 165 So.2d 227, 229 (Fla. 3d DCA 1964)." G-W Development Corporation v. Village of North Palm Beach Zoning Board of Adjustment, supra, at 830.
Thus, what is provided by law is, at the election of the party aggrieved, a de novo trial or certiorari as a matter of right, not, as in the case of common law certiorari, as a matter of discretion. An ordinance that gives an aggrieved party the right to seek recourse as provided by law gives nothing at all if, as the City says, it allows an aggrieved party to seek review by common law certiorari. A fundamental principle of statutory construction teaches that we may not presume the City intended to promulgate a useless ordinance. See Dickinson v. Davis, 224 So.2d 262 (Fla. 1969); G.A. v. State, 391 So.2d 720 (Fla. 1st DCA 1980); Department of Revenue v. The Merritt Square Corporation, 334 So.2d 351 (Fla. 1st DCA 1976).
The City cites no case, and our research has disclosed none, which even suggests that the language of Ordinance No. 8198 was ineffective to adopt Section 163.250. The holdings in Thompson v. City of Miami, 167 So.2d 841 (Fla. 1964); City of Lakeland v. Florida Southern College, 405 So.2d 745 (Fla. 2d DCA 1981); Grefkowicz v. Metropolitan Dade County, 389 So.2d 1041 (Fla. 3d DCA 1980); City of Apopka v. Orange County, 299 So.2d 657, 660 (Fla. 4th DCA 1974) (rehearing), upon which the City relies for the proposition that the statutory procedure of Section 163.250 is inapplicable, are all based on the singular and critical fact that no action had been taken by the county or municipality to adopt the method of review provided by statute. That is not the case here.
Reversed and remanded for a trial de novo.
NOTES
[1] The City now concedes that Boalt was entitled to certiorari review in the Circuit Court and that the trial court was authorized to treat the complaint as a petition for certiorari and should not have dismissed Boalt's action with prejudice. We would, of course, be compelled to reverse the judgment on this ground alone were it not that we decide that Boalt was entitled to the exact relief he sought, a trial de novo.
[2] Section 163.250 provides:

"Judicial review of decisions of board of adjustment.  Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any officer, department, board, commission, or bureau of the governing body, may apply to the circuit court in the judicial circuit where the board of adjustment is located for judicial relief within 30 days after rendition of the decision by the board of adjustment. Review in the circuit court shall be either by a trial de novo, which shall be governed by the Florida Rules of Civil Procedure, or by petition for writ of certiorari, which shall be governed by the Florida Appellate Rules. The election of remedies shall lie with the appellant."
[3] Our holding that the City of Miami's passage of Ordinance No. 8198 effectively adopted Section 163.250 makes it unnecessary to address Boalt's argument that the review rights accorded by Section 163.250 cannot constitutionally be dependent on the City's decision to adopt that statute.
[4] Unlike Boalt, the City of Sarasota did not seek a trial de novo, but, alleging that there was a lack of substantial competent evidence to support the Board's action, sought review by certiorari. It is apparent from Bell, however, that had the City of Sarasota, as the party seeking review, elected to seek a trial de novo, it could have availed itself of this statutory alternative.
[5] Section 176.16, Florida Statutes, read:

"Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board or bureau of the governing body of said municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board."
While Section 176.16 does not, as does Section 163.250, expressly refer to "de novo" proceedings, the "statutory certiorari" right given by Section 176.16 is, as distinguished from common law certiorari, a de novo review. Board of Adjustment of City of Fort Lauderdale v. Kremer, supra.