458 So.2d 1211 (1984)
John L. GRADY and Lee County Bank, Trustee, Appellants,
v.
LEE COUNTY, Florida, Appellee.
No. 83-1085.
District Court of Appeal of Florida, Second District.
November 16, 1984.
*1212 John Charles Coleman, Fort Myers, for appellants.
James G. Yaeger, County Atty., and Neale E. Montgomery, Asst. County Atty., Fort Myers, for appellee.
DANAHY, Acting Chief Judge.
The plaintiffs brought this suit to challenge a rezoning of approximately 147 acres of their Lee County land from agricultural to preservation (PR). The "PR" classification designates a preservation district under present Lee County Zoning Regulations and restricts permitted uses to nature and foot trails, canoe trails, and boating limited to motors less than 10 horsepower. The plaintiffs first appealed to the Board of County Commissioners of Lee County for a rehearing and that request was denied. The plaintiffs then brought this suit for equitable relief from the rezoning and requested, if the rezoning were upheld, that they receive an award of compensation for inverse condemnation.
The trial judge ruled that the plaintiffs' complaint was untimely because it was not filed within thirty days following the denial of the plaintiffs' request for rehearing by the Board of County Commissioners. A thirty-day time limit for applying to the circuit court for relief from a zoning decision is provided both in the special act of the legislature governing Lee County and the Lee County zoning ordinance. Chapter 61-2405, § 10, Laws of Florida; Lee County Zoning Regulations (1978), § 402.3. The trial judge computed the thirty-day time limit from the date of the adverse decision of the Board of County Commissioners. The plaintiffs vigorously argue that the thirty days should be counted from the time that decision was reduced to writing. Unfortunately, there is nothing in the special act or the ordinance which provides that the adverse decision must be in writing. Therefore, we must reject the plaintiff's argument in this respect and agree with the trial judge's determination.
However, neither the special act nor the ordinance can affect the plaintiffs' right to certiorari review by the circuit court, which is available to review zoning decisions. City of Lakeland v. Florida Southern College, 405 So.2d 745 (Fla. 2d DCA 1981). The time for invoking the certiorari jurisdiction of the circuit court is governed by the Florida Rules of Appellate Procedure. § 59.081, Fla. Stat. (1983). Under Florida Rule of Appellate Procedure 9.100(c), a petition for common law certiorari shall be filed within thirty days of rendition of the order to be reviewed. Rule 9.020(g) defines rendition as the filing of a signed, written order with the clerk of the lower tribunal.
The parties have indicated to us that the decision of the Board of County Commissioners in this case was in fact eventually reduced to writing. Therefore, if the plaintiffs' complaint is treated as a petition for common law writ of certiorari, it was timely filed. Although treating the plaintiffs' complaint as a petition for common law writ of certiorari will not afford the plaintiffs the scope of review which they seek, nevertheless it will provide them with a vehicle for judicial review of the action of the County Commissioners.[1]
In his ruling, the trial judge declared that "the untimely filing is a fatal flaw for the complaint in its entirety as to all causes of action attempted to be stated in said complaint." The judge's ruling in this respect was correct, although not on the basis of untimeliness. In Dade County v. National Bulk Carriers, Inc., 450 So.2d 213 (Fla. 1984), our supreme court held that a zoning ordinance is, by definition, invalid if it is confiscatory and, consequently, no inverse condemnation would be necessary; a denial of rezoning cannot be both reasonable and confiscatory. The court went on *1213 to say that if a zoning ordinance is confiscatory, the relief available is a judicial determination that the ordinance is unenforceable and must be stricken. We read this decision as establishing that a zoning change cannot give rise to a cause of action for inverse condemnation. Accordingly, the trial judge correctly dismissed that count of the plaintiffs' complaint requesting an award of compensation for inverse condemnation. The only relief available to the plaintiffs in this case, an attack on the zoning decision, is limited to judicial review in the circuit court by writ of certiorari.
For the foregoing reasons, we reverse and remand with instructions that the trial judge reinstate the plaintiffs' complaint and treat it as a petition for writ of certiorari to review the decision of the Board of County Commissioners of Lee County denying the plaintiffs' request for a rehearing on the rezoning of their property.
REVERSED and REMANDED with instructions.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] Section 163.250, Florida Statutes (1983), provides for judicial review, including a trial de novo, of a zoning decision within thirty days after rendition of the decision. That statute does not apply here, however, because Lee County has not elected to come within the provisions of Chapter 163, Part II.