827 So.2d 1056 (2002)
Joe REDNER as owner of 411 South Florida Avenue, Petitioner,
v.
The CITY OF TAMPA, Florida, a municipal corporation, Respondent.
No. 2D02-740.
District Court of Appeal of Florida, Second District.
October 11, 2002.
*1057 Jennifer M. D'Angelo, Tampa, for Petitioner.
James D. Palermo, City Attorney, and Jerry M. Gewirtz, Assistant City Attorney, Tampa, for Respondent.
STRINGER, Judge.
Petitioner, Joe Redner, as owner of 411 South Florida Avenue, seeks certiorari review of the circuit court appellate panel's order denying his petition for writ of certiorari. Because the circuit court did not apply the correct law, we grant Redner's petition for writ of certiorari.
Redner filed an application with the City of Tampa seeking to operate a wet-zoned facility on the property located at 411 South Florida Avenue, Tampa, Florida ("the premises"). The premises are located in a zone which allows for the sale and dispensation of alcoholic beverages, provided that the property sought to be wet zoned is not within 1000 feet of certain other establishments, including establishments selling alcoholic beverages and government buildings. The City Council may "waive" the distance requirement if the granting of the wet zoning will not be adverse to the public health, safety, and general welfare, and is appropriate and compatible to existing uses. According to the staff report on wet zoning, the premises are located within 1000 feet of other establishments selling alcoholic beverages and are also located within 1000 feet of government buildings.
The City Council considered Redner's wet-zoning application at a public hearing held on September 21, 2000. At the hearing, the Tampa Police Department objected to the application based on information it received pursuant to an investigation. Some of the owners of property adjoining the premises opposed the application as well. However, owners of properties under conditions similar to Redner's had been granted a "waiver" from the distance limitations for wet zoning.
The City Council denied Redner's application without stated findings or reasoning. Redner subsequently filed a petition for writ of certiorari in the circuit court, challenging the City Council's decision. Redner argued that the City Council departed from the essential requirements of the law in placing the burden solely on Redner to demonstrate the absence of adverse consequences in support of his application. A three-judge circuit court panel denied the writ 2 to 1 on February 5, 2001, stating: "Having determined that Petitioner sought a waiver, rather than a special exception, there was no burden on the City [Council] to make findings to support its decision." Judge Isom dissented, concluding that the relief sought was a special exception, and it was the City Council's burden to show that the granting of a special exception was adverse to the public interest. Redner then filed a petition for writ of certiorari in this court seeking review of the circuit court panel's ruling.
*1058 The applicable standards of review are set out in City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982):
We hold that where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court's judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine [1] whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court's judgment, then determines whether the circuit court [1] afforded procedural due process and [2] applied the correct law.
Redner does not argue that the circuit court did not afford procedural due process; thus, our review is limited to whether the circuit court applied the correct law.
The circuit court found that the City Council did not depart from the essential requirements of the law in placing the burden solely on Redner to demonstrate the absence of adverse consequences relative to the granting of his application for wet zoning. The circuit court based its finding on its interpretation of the relief Redner sought as a waiver, rather than a special exception. The circuit court concluded that, because Redner sought a waiver, there was no burden on the City Council to make findings to support its decision.
The circuit court based its determination that Redner was seeking a waiver on the City Council's erroneous interpretation of the ordinance. Section 3-70(a), City of Tampa Code, sets forth the guidelines for the granting of wet zoning. Under that section, wet zoning will not be granted to property within 1000 feet of a governmental building or an establishment selling alcoholic beverages (unless the sale of alcoholic beverages is "entirely incidental to the principal function of the establishment"). § 3-70(a)(2),(3), City of Tampa Code.
Subsection (8) provides that the City Council may "waive" the distance restrictions in subsections (2) and (3) for property located in downtown Tampa "when the sale of alcoholic beverages upon the property will not be incidental to the primary function of the business establishment operated or to be operated upon the property described in the petition" if the petitioner demonstrates and the City Council determines that the granting of the petition (1) "will not be contrary to the public health, safety and general welfare of the residents and establishments of the neighborhood and surrounding property"; (2) "is appropriate and compatible to the existing uses of the contiguous and surrounding property"; and (3) "will not establish a precedent of or encourage more incompatible uses in the surrounding area." § 3-70(a)(8), City of Tampa Code.
The section also provides that the City Council can consider the following in addition to the above-stated criteria: (a) off-street parking and loading; (b) ingress and egress; (c) refuse and service areas; (d) lighting; and (e) control of potentially adverse effects on residences, establishments, or other properties in the area. Id.
Redner's application for wet zoning acknowledged noncompliance with sections 3-70(a)(2) and (3), but requested that the City Council "waive" the distance restrictions as provided in section 3-70(a)(8). The City Council denied Redner's application without making any findings regarding the factors in section 3-70(a)(8). On certiorari review in the circuit court, Redner *1059 alleged that the City Council departed from the essential requirements of the law in placing the burden solely on him to demonstrate compliance with the factors.
The allocation of burdens of proof before the City Council depends upon whether the relief sought by the petitioner is a "variance" or a "special exception." Irvine v. Duval County Planning Comm'n, 495 So.2d 167 (Fla.1986). The circuit court in this case erroneously determined that the relief sought under section 3-70 constituted a variance, or "waiver." Although section 3-70(a)(8) uses the term "waive," it is clear that the section really provides for a "special exception."
A "variance" is defined as "the relief granted from the literal enforcement of a zoning ordinance permitting the use of property in a manner otherwise forbidden upon a finding that enforcement of the ordinance as written would inflict practical difficulty or unnecessary hardships on a property owner." Bd. of Adjustment of Ft. Lauderdale v. Kremer, 139 So.2d 448, 451 (Fla. 2d DCA 1962). An "exception" is defined as "a departure from the general provisions of a zoning ordinance granted by legislative process under express provision of the enactment itself." Id. The distinction between a variance and a special exception has been described as follows:
If certain facts or circumstances specified in the ordinance are found to exist, then either on a direct application, or on an appeal from an administrative order enforcing the zoning ordinance, a Board of Adjustment may grant an exception. A variance is entirely different from an exception although the terms are sometimes, in error used synonymously. In the absence of a specific provision of law requiring it, one need not show unusual hardships to secure an exception. An ordinance granting the power to make exceptions must contain proper standards or rule of guidance, and under such circumstances, the Board is not rezoning or usurping legislative power.
Id.; see also Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478, 480 (Fla. 4th DCA 1975).
The relief requested by Redner in this case is expressly provided for in subsection (8) of the ordinance upon a finding by the zoning authority that granting the petition will not be contrary to the public health, safety, and general welfare; that it is compatible with the existing uses of surrounding property; and that it will not encourage more incompatible uses in the surrounding area. The property is zoned as CBD-2, which is the Central Business District with high-rise structures. One of the permissible uses of CBD-2 as set forth in the ordinance is that of a "club." § 27-438, City of Tampa Code. The use of the property as a nightclub is not otherwise prohibited, and there is no requirement that the petitioner show unusual hardships for wet zoning. In fact, variance requests are not addressed by the City Council but by another administrative board, the Variance Request Board. § 17.5-74, City of Tampa Code. Under Kremer, a wet-zoning classification is therefore a special exception and not a variance.
The allocation of burdens in a special exception proceeding was set forth by Judge Zehmer's dissent in Irvine v. Duval County Planning Commission, 466 So.2d 357, 362 (Fla. 1st DCA 1985) (Zehmer, J., dissenting), approved, 495 So.2d 167 (Fla. 1986), adopted after remand, 504 So.2d 1265 (Fla. 1st DCA 1986). The petitioner has the initial burden of showing that the application meets the statutory criteria for granting the exception. Id. at 364. Once the petitioner has met this burden, the burden shifts to the opposing party to demonstrate by competent, substantial evidence that the special exception does not meet those standards and is adverse to the *1060 public interest. Id.; see also Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1091-92 (Fla.2000). The burden is on the City to ensure that an adequate record of the evidence presented at the hearing is prepared and presented to the circuit court for review. Irvine, 466 So.2d at 366. The failure of the agency reviewing the petition to make findings of fact in its order constitutes a departure from the essential requirements of the law. Id.
The circuit court in this case declined to apply this burden-shifting analysis because of its erroneous finding that the relief Redner requested was a waiver, as opposed to a special exception. Accordingly, the circuit court did not apply the correct law, and we grant the petition for certiorari. We remand with directions to apply the burden-shifting analysis set forth in Irvine under the standard of review as determined by Vaillant. Under Vaillant, the circuit court should review the record to determine whether the City Council's decision is supported by competent, substantial evidence. See City of Dania, 761 So.2d at 1094.
Petition for writ of certiorari granted.
NORTHCUTT and SILBERMAN, JJ., Concur.